HENRY H. MORANGE, Appellant, *v.* HENRY MEIGS, JR., et al.,
Respondents.

A referee has power to dismiss the plaintiff's complaint on his failure to appear, or after his appearance on his failure to proceed with the trial, or after having given testimony, on his refusal to proceed and close his case.

In an action pending before a referee after some testimony on the part of plaintiff had been taken, and after several adjournments, the hearing was again adjourned at plaintiff's request, he stipulating that upon the adjourned day he would produce two witnesses and then close his case. Upon the adjourned day plaintiff did not appear, and the referee thereupon dismissed the complaint "for want of prosecution."—*Held*, no error ; that the failure of plaintiff to appear was in practical effect a refusal to proceed with the trial, and a voluntary abandonment thereof, and authorized the dismissal of the complaint; that such procedure was in harmony with section 238 of the Code; that section 274, of the Code, authorizing a dismissal of the complaint by the court in an action against several defendants in case of unreasonable neglect to serve the summons upon one, or to proceed against those served, had no application; that the words "for want of prosecution" were not used by the referee in any such sense, but simply meant that the complaint was dismissed because plaintiff did not proceed with the trial, and that the plaintiff could not complain of their use, thus showing upon the record that the dismissal was not upon the merits.

(Argued March 14, 1873 ; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment in favor of the defendants, entered on the report or decision of a referee, dismissing the plaintiff's complaint and action "for want of prosecution" with costs.

The facts sufficiently appear in the opinion.

*Geo. W. Miller* for the appellant. The referee had no power after evidence had been introduced to dismiss the complaint for want of prosecution. (Code, §§ 258, 274, sub. 4 ; *Holmes* v. *Slocum*, 6 How. Pr., 217.) The referee had no power to dismiss the complaint upon the facts in the case for want of prosecution. (*Holmes* v. *Slocum*, 6 How. Pr., 217 ;

*Matthews* v. *Jones*, 1 E. D. S., 429.) He should have reported upon all the material facts put in issue, as well as his conclusions of law. (Code, §§ 272, 281, 348; *Van Steinberg* v. *Hoffman*, 6 How. Pr., 492.) Plaintiff having excepted to the referee's report, is regular in appealing from the judgment. (*Woodruff* v. *Dickens*, 31 How., 171; *Ford* v. *Ford*, 35 id., 321; S. C., 53 Barb., 525.)

*F. F. Marbury* for the respondents. The referee was right in dismissing the case for want of prosecution, plaintiff having failed to appear. (*Boyce* v. *Anderson* [Gen. Term, 1st dist., Nov., 1863], Ms. Op., Leonard, J.)

Lott, Ch. C. There is no ground for the reversal of the judgment in this action. It appears from the report of the referee, on whose decision or direction it was entered, that on the 16th day of November, 1864, there was a meeting of the parties before him for the trial of the issues at which the plaintiff examined witnesses, that the case was then adjourned at the defendant's request to a certain day. It was on that day adjourned and afterward by three successive adjournments to the twenty-ninth day of December of the same year, two of which adjournments were made at the plaintiff's request, and he on one of the adjourned days examined one witness; on the said twenty-ninth day of December, (the plaintiff's case not being closed and no evidence having been given on the part of the defendant), the case was again adjourned to the 5th day of January, 1865, at the plaintiff's request, he stipulating then to produce two witnesses and to close his case with them. He did not attend on said 5th day of January, 1865, nor did any one for him, and the referee, after waiting more than half an hour (the defendant's counsel attending), dismissed the plaintiff's complaint and action for want of prosecution with costs to be adjusted. There can be no question of the power of a court, when a cause of action is called on for trial before it, to dismiss the plaintiff's complaint on his failure to appear, or after his appearance, to proceed with the trial or, after

having given testimony, on his refusal to proceed and close his case. The facts stated by the referee show that the plaintiff failed to appear in person, or by counsel or otherwise, on the day when he had stipulated to attend, examine witnesses, and close his case. Such failure was in its practical effect a refusal to proceed with the trial, and a voluntary abandonment of it. Under such circumstances, if the trial had been pending before the court, it is clear that a dismissal of the complaint would have been proper, and the plaintiff would have no ground to complain, if in the order of dismissal it had been stated that it was done " for want of prosecution," thus showing by the record, that it was not done on *the merits*. The referee who was appointed to hear and decide the issues in this case, had the same power on such trial as would have been possessed by the court, if the issues had been brought before it for trial, and it was expressly provided by the Code, that a trial by referees should be conducted in the same manner and on similar notice as a trial by the court. (§ 272.)

The course of procedure by the referee was in harmony with the 238th section of the Code referred to by the appellant's counsel, and not inconsistent with it. That provides, that either party may bring the issue to trial; and in the absence of the adverse party, unless the court for good cause, otherwise direct, may proceed with his case and *take a dismissal of the complaint* on a verdict or judgment as the case may require. The facts disclosed by the referee's report show that the plaintiff did in fact absent himself on the day designated for proceeding with the case, and while he was absent and had in effect abandoned the trial, the defendant did proceed, as the case then required, by taking a dismissal of the complaint.

Section 274, of the Code, has no application to this case That applies to a dismissal of the complaint in actions against defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on one of them, or to proceed in the cause against the defendant or defendants served. It contemplates a neglect to proceed against *one* or more of seve-

ral defendants, and thus preventing a disposition of the case by the other or others of them, except on the order of the court as provided by that section. The report of the referee shows that he did not, by the use of the terms "for want of prosecution," mean that he dismissed or intended to dismiss the complaint in the sense contemplated by or provided for in that section, but because the plaintiff did not proceed with the trial and close his case under the circumstances stated in the report. The connection in which the terms are used shows the referee's meaning.

It is unnecessary to pursue the consideration of the question further. It is clear that nothing is shown to justify a reversal of the judgment. It must consequently be affirmed, with costs.

All concur.

Judgment affirmed.