ANNINA SERAFINI, as Executrix, etc., of CONSTANTINO SERAFINI, Deceased, Appellant, v. FRANK STENTO and MARY STENTO, Respondents.

Third Department, November 12, 1941.

*Charles R. Stewart*, for the appellant.

*Mangan & Mangan* [*Thomas J. Mangan* of counsel], for the respondents.

HILL, P. J. The plaintiff appeals from a judgment containing the recital that it was entered upon the decision of the official referee, dated July 18, 1940. That decision contains ninety-seven numbered paragraphs under the caption " Findings of Fact " and thirteen numbered paragraphs under the caption " Conclusions of Law." One of the latter is " that the defendants are entitled to a judgment dismissing the plaintiff's complaint as to all three causes of action therein alleged." The record contains an earlier decision in the following form: "ABRAHAM L. KELLOGG, Official Referee. For failure to file briefs or take any other action in the above case, the complaint is hereby dismissed on the merits, without costs. Ordered accordingly. Dated July 5, 1940." Upon the trial of an issue without a jury, the decision may be oral or in writing and " except where a nonsuit is granted, must state the facts which it deems essential." (Civ. Prac. Act, § 440.) In a decision granting a nonsuit upon the trial of issues of fact " it shall not be necessary for the court to make any finding of fact." (Civ. Prac. Act, § 441.) A dismissal for failure to file briefs or for want of prosecution is not upon the merits. (*Morange* v. *Meigs*, 54 N. Y. 207.) A referee has the same power as a court to dismiss a complaint in an action pending before him. (Civ. Prac. Act, § 469; Judiciary Law, § 117; *Albany Brass & Iron Co.* v. *Hoffman*, 30 App. Div. 76; *Hayward* v. *Manhattan Railway Co.*, 52 Hun, 383; *Decker* v. *Canzoneri*, 256 App. Div. 68.)

The record discloses that the last hearing in this suit was held April 21, 1939, when it was adjourned to May thirteenth of the same year. As of the latter day the record recites that one of the counsel for the defendants called the referee by telephone and stated that the evidence might be considered closed, and that briefs would be filed. Something over a year later, as earlier stated, on July 5, 1940, the referee made his decision and therein he recited that there had been a failure to file briefs or " take any other action in the above case." Thereafter obviously attorneys for the defendants presented the proposed decision which was signed by the referee thirteen days after the matter had been disposed of by him.

Before a case is finally submitted to a referee the attorney for either party may submit in writing a statement of the essential facts which he deems established by the evidence and of the rulings upon the questions of law which he desires the referee to make. The statement is required to be in the form of distinct propositions of law or of fact separately stated and numbered, to the end that the referee may conveniently pass upon the questions. "At or before the time when the report is rendered, the referee must note in the margin of the statement the manner in which each proposition has been disposed of, and must file the statement thus noted; but an omission so to do does not affect the validity of the report." (Civ. Prac. Act, § 471.)

The recitals in the July eighteenth paper are inconsistent with the recital in the earlier decision of July fifth. Assuming solely for the purpose of this argument that the latter paper has some force as a decision, the appellant is entitled to have the court consider the most favorable of two inconsistent findings. The dismissal of the complaint for failure to prosecute is more favorable to the plaintiff-appellant than a dismissal on the merits on adverse findings of fact. Upon this ground, appellant is entitled to have the earlier paper considered by this court as the decision.

The decision of the official referee dismissed plaintiff's complaint for failure to prosecute and not on the merits. (*Morange* v. *Meigs, supra.*) No decision as to the merits is presented to this court for review. Some of the recitals contained in the document dated July 18, 1940, being contentions of defendants, indicate that there may be merit in some of the plaintiff's claims. Defendants drew large sums of money from the copartnership, greatly in excess of the withdrawals of plaintiff's testator or his predecessor in interest in the copartnership. The sufficiency of the explanation given by the defendants is not in all instances impressive, and there should be a new trial in this case, either before the court and a jury on framed issues, before the court without a jury, or before a new referee.

Printed in this record are the pleadings in an action designated " Corporation Action." The suit before the court is for an accounting between partners. The partnership was terminated in September, 1932, and the assets thereof transferred to a corporation in which the partners and others are stockholders. The prayer in the corporate action is that defendant Stento account for his management of the corporate property and for other relief incidental thereto. The appellant suggests that if a new trial is necessary, this court should direct the consolidation of the two cases. That is not within our jurisdiction on this appeal and is a matter to be brought before the Trial Term.

The judgment should be reversed on the law and facts, with costs to the appellant to abide the event, and a new trial granted.

BLISS, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Judgment reversed on the law and facts, and new trial granted, with costs to the appellant to abide the event.