EDWARD F. BROWN, AS ASSIGNEE FOR THE BENEFIT OF THE CREDITORS OF JACOB F. WYCKOFF, RESPONDENT, *v.* WALTER P. BUTLER, AS ADMINISTRATOR, WITH THE WILL ANNEXED, OF THE ESTATE OF W. I. BUTLER, DECEASED, APPELLANT.

*Right to withdraw a counter-claim upon a trial before a referee.*

Upon the trial of an action before a referee the defendant may withdraw a counter-claim set up in his answer, in the same manner that the plaintiff may submit to a nonsuit on a trial at circuit, up to the time that the case is submitted to the jury.

When a counter-claim is thus withdrawn, it is improper for the referee to make any adjudication upon the merits thereof.

APPEAL by the defendant Walter P. Butler, as administrator, etc., from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 4th day of January, 1889, in favor of the plaintiff, upon the report of a referee.

*James R. Marvin,* for the appellant.

*Edward F. Brown,* for the respondent.

BARTLETT, J.:

This action was brought upon three promissory notes, aggregating $2,200, made by W. I. Butler, and payable on demand to the order of J. F. Wyckoff. The defense chiefly relied upon on the trial was that the payee agreed to accept the professional services of the maker as an attorney and counselor-at-law in payment of the notes, and that the notes were fully paid by the rendition of such services. The referee found that the alleged agreement was made in regard to the mode of payment, but refused to find that the notes had been paid in the manner thus provided for.

The evidence on that question was conflicting, and we are not prepared to say that the conclusion reached by the referee was not correct.

There would be no occasion to interfere with the judgment, therefore, if it was confined to an adjudication that the plaintiff was entitled to recover from the defendant the amount of the notes, with interest and costs. It goes much further, however, and determines adversely to the defendant a certain portion of the counter-claim interposed by his amended answer, which his counsel had withdrawn in the course of the trial. The right thus to withdraw a counter-claim is questioned by the learned counsel for the respondent; but we cannot see why it does not exist, just as a plaintiff may submit to a nonsuit up to the time when a case goes to the jury. So far as his counter-claim is concerned, the defendant occupies the position of a plaintiff.

The judgment ought to be modified by striking therefrom the provisions relating to those portions of the counter-claim which were withdrawn during the progress of the reference, and, as thus modified, it should be affirmed, without costs to either party upon this appeal.

Judgment modified so as to exclude any adjudication on the merits of the counter-claim which was withdrawn, and, as thus modified, affirmed, without costs. Order to be settled by Mr. Justice BARTLETT.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Judgment modified so as to exclude any adjudication on the merits of the counter-claim which was withdrawn, and, as thus modified, affirmed, without costs.