### ALBANY BRASS & IRON CO. v. HOFFMAN.

(Supreme Court, Appellate Division, Third Department.   May 10, 1898.)

1. DECISIONS OF REFEREES—APPEAL.
  Where a court of special term refers all the issues in a case to a referee, his actions therein are reviewable only on appeal.
2. NONSUIT—COUNTERCLAIM—COSTS.
  Where all the issues in an action for goods sold and delivered and defendant's counterclaim thereto were sent to a referee for decision, and plaintiff submitted to a nonsuit, he cannot complain if defendant refuses to try the counterclaim, and judgment is entered against him for costs.

Appeal from special term, Albany county.

Action by the Albany Brass & Iron Company against Charles Hoffman, Jr.   From an order of the Albany special term denying plaintiff's motion to send the case back to the referee for the trial of defendant's counterclaim, plaintiff appeals.   Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Scherer & Downs, for appellant.
John A. Stephens, for respondent.

MERWIN, J.   In the complaint a cause of action is alleged for goods sold and delivered.   In the answer there is practically a general denial, and there is also alleged a counterclaim for moneys due upon contract, and a demand of judgment thereon against the plaintiff.   A reply was served denying the counterclaim.   Thereafter, upon stipulation of the parties, an order was entered that the action and all the issues therein be referred to a named referee to hear and determine the same.   The case came on for trial before the referee.   The plaintiff swore several witnesses, and then submitted to a nonsuit.   The referee entered in his minutes, "Complaint dismissed, with costs."   The plaintiff's counsel then requested the defendant to proceed with the proof of the counterclaim.   This the defendant declined to do, and claimed he was entitled to tax his costs, and enter judgment.   The plaintiff then moved that the counterclaim be dismissed, with costs.   This motion the referee denied, on the ground that he had no power to compel the defendant to proceed with proof of his counterclaim.   The plaintiff excepted.   Thereafter the referee made his report, directing that a judgment be entered dismissing the complaint, with costs; and a judgment was accordingly entered by the defendant.   The plaintiff then moved at special term for an order directing that the judgment of dismissal be vacated, and the case sent back to the referee with directions to proceed with proof of the issue made

by the counterclaim and reply thereto, and that the referee be directed to proceed to try that issue. This motion was denied, and the plaintiff appeals. In the order it is stated that the motion is denied, not in the exercise of discretion, but as matter of law.

Upon a reference of all the issues the referee takes the place of the court, and in the trial of the cause has substantially all the powers of a court at special term or circuit. Schuyler v. Smith, 51 N. Y. 309; Morange v. Meigs, 54 N. Y. 207; Code, § 1016. Any errors made by him in the course of the trial are reviewable the same as upon a trial before the court. The report of the referee stands as a decision of the court. Id. § 1228. If, therefore, the referee erred in denying the plaintiff's motion to dismiss the counterclaim, the plaintiff's remedy is by appeal. The special term had no power to review the action of the referee. By section 974 of the Code it is provided that the mode of trial of an issue of fact arising upon a counterclaim is the same as if it arose in an action for the same cause brought by the defendant against the plaintiff. If so, the defendant in such a case has a right, under rule No. 30 of the general rules of practice, to submit to a nonsuit. In Brown v. Butler, 58 Hun, 511, 12 N. Y. Supp. 810, it was held that upon a trial before a referee a defendant may withdraw a counterclaim in the same manner that a plaintiff may submit to a nonsuit upon a trial at circuit, and that, when such withdrawal is made, it is not proper for the referee to make any adjudication upon the merits thereof. Section 412 of the Code, in providing, in a case of a dismissal of the complaint, for the preservation of the rights of a defendant setting up a counterclaim, seems to contemplate that a dismissal of the complaint may be a termination of the action, though a counterclaim is set up. The same idea is recognized in cases holding that a plaintiff cannot discontinue his action against the objection of a defendant who has set up a counterclaim. 2 Rum. Prac. 155, and cases cited. The inference is that, if such a defendant does not object, a dismissal of the complaint or a discontinuance by the plaintiff terminates the action.

It is argued by the plaintiff that, as by the stipulation and order all the issues were referred, the defendant should be compelled to try his counterclaim. Still the plaintiff exercised the right of submitting to a nonsuit, and thus prevented any adjudication upon his claim. After having done that, he cannot complain if the defendant exercises a similar right. In Garczynski v. Russell, 75 Hun, 492, 27 N. Y. Supp. 458, referred to on the part of the plaintiff, there was only a partial trial of the cause of action set up in the complaint. The case is not applicable here. The case of Miller v. Freeborn, 4 Rob. (N. Y.) 608, is more in point, but the later case of Brown v. Butler, supra, is antagonistic. We are of the opinion that the special term did not err in denying the motion of the plaintiff.

Order affirmed, with $10 costs and disbursements. All concur.