ALBANY BRASS AND IRON COMPANY, Appellant, v. CHARLES HOFF-
MAN, JR., Respondent.

*Reference of all the issues — plaintiff submitting to a nonsuit cannot require the
defendant to prove his counterclaim — error of the referee, how reviewed.*

*Semble,* that where all the issues in an action have been referred, and upon the
trial the plaintiff submits to a nonsuit, he cannot require the defendant to pro-
ceed with the proof of a counterclaim which he has set up in his answer and
which the plaintiff has denied in his reply.

If this be not so the plaintiff's remedy for an error committed by the referee in
this respect is by appeal and not by an application at Special Term to have the
judgment entered upon the referee's report vacated and the case sent back to
the referee.

APPEAL by the plaintiff, the Albany Brass and Iron Company,
from an order of the Supreme Court, made at the Albany Special
Term and entered in the office of the clerk of the county of Albany
on the 25th day of February, 1898, denying its application to vacate
the judgment entered in the action and to send the action back to
the referee, with directions to proceed with proof of the issues
thereof.

*Scherer & Downs,* for the appellant.

*John A. Stephens,* for the respondent.

MERWIN, J.:

In the complaint a cause of action is alleged for goods sold and
delivered. In the answer there is practically a general denial, and
there is also alleged a counterclaim for moneys due upon contract
and a demand of judgment thereon against the plaintiff. A reply
was served denying the counterclaim. Thereafter, upon stipulation
of the parties, an order was entered that the action and all the issues
therein be referred to a named referee to hear and determine the
same. The case came on for trial before the referee, the plaintiff
swore several witnesses and then submitted to a nonsuit. The
referee entered in his minutes "complaint dismissed, with costs."
The plaintiff's counsel then requested the defendant to proceed with
the proof of the counterclaim. This the defendant declined to do,
and claimed that he was entitled to tax his costs and enter judgment.

The plaintiff then moved that the counterclaim be dismissed, with costs. This motion the referee denied on the ground that he had no power to compel the defendant to proceed with proof of his counterclaim. The plaintiff excepted. Thereafter, the referee made his report, directing that a judgment be entered dismissing the complaint, with costs, and a judgment was accordingly entered by the defendant. The plaintiff then moved at Special Term for an order directing that the judgment of dismissal be vacated and the case sent back to the referee with directions to proceed with proof of the issue made by the counterclaim and reply thereto, and that the referee be directed to proceed to try that issue. This motion was denied, and the plaintiff appeals. In the order it is stated that the motion is denied, not in the exercise of discretion, but as matter of law.

Upon a reference of all the issues the referee takes the place of the court, and in the trial of the cause has substantially all the powers of a court at Special Term or Circuit. (*Schuyler* v. *Smith,* 51 N. Y. 309 ; *Morange* v. *Meigs,* 54 id. 207 ; Code, § 1018.) Any errors made by him in the course of the trial are reviewable the same as upon a trial before the court. The report of the referee stands as a decision of the court. (Code, § 1228.) If, therefore, the referee erred in denying the plaintiff's motion to dismiss the counterclaim, the plaintiff's remedy is by appeal. The Special Term had no power to review the action of the referee.

By section 974 of the Code it is provided that the mode of trial of an issue of fact arising upon a counterclaim is the same as if it arose in an action for the same cause brought by the defendant against the plaintiff. If so, the defendant in such a case has a right under rule No. 30 of the General Rules of Practice to submit to a nonsuit. In *Brown* v. *Butler* (58 Hun, 511) it was held that upon a trial before a referee a defendant may withdraw a counterclaim, in the same manner that a plaintiff may submit to a nonsuit upon a trial at Circuit, and that, when such withdrawal is made, it is not proper for the referee to make any adjudication upon the merits thereof.

Section 412 of the Code, in providing in a case of a dismissal of the complaint for the preservation of the rights of a defendant setting up a counterclaim, seems to contemplate that a dismissal of the complaint may be a termination of the action though a counterclaim

78  PEOPLE ex rel. WESTERN U. TEL. CO. v. ROBERTS.

THIRD DEPARTMENT, MAY TERM, 1898.          [Vol. 30.

is set up   The same idea is recognized in cases holding that a plaintiff cannot discontinue his action against the objection of a defendant who has set up a counterclaim.   (2 Rumsey Pr. 155, and cases cited.)   The inference is that, if such a defendant does not object, a dismissal of the complaint or a discontinuance by the plaintiff terminates the action.

It is argued by the plaintiff that, as by the stipulation and order all the issues were referred, the defendant should be compelled to try his counterclaim.   Still the plaintiff exercised the right of submitting to a nonsuit, and thus prevented any adjudication upon its claim.   After having done that, it cannot complain if the defendant exercises a similar right.   In *Garczynski* v. *Russell* (75 Hun, 492) referred to on the part of the plaintiff, there was only a partial trial of the cause of action set up in the complaint.   The case is not applicable here.   The case of *Miller* v. *Freeborn* (4 Robt. 608) is more in point, but the later case of *Brown* v. *Butler* (*supra*) is antagonistic.

We are of the opinion that the Special Term did not err in denying the motion of the plaintiff.

All concurred.

Order affirmed, with ten dollars costs and disbursements.