Nassau Bank, Appellant, *v.* The National Bank of New-burgh, and John Thorn, Jr., and Thomas J. Adderton, as Executors of John L. Adderton, Deceased, Respondents.

1. Right of Person Receiving Money in Restitution for an Undetected Fraud, to Retain it as against one from whom it was. Obtained by Fraud.    The rule, that when money has been received by a person in good faith, in the usual course of business and for a valuable consideration, it cannot be pursued into his hands by one from whom it has been obtained through the fraud of a third person, is not rendered inapplicable by the facts that the person receiving the money had been defrauded by the person from whom he received it, in such a way as to be ignorant of his loss, and that the restitution was so made that it did not disclose the original offense.

2. Right of Bank Receiving Check in Restitution for Unde-tected Fraud, to Retain Amount thereof as against Bank which had Paid it from a Fraudulent Deposit.    One Taylor, a depositor in the Nassau Bank, among other deposits, made one of a draft for $6,000, the indorsement on which was forged by him; thereafter the Nassau Bank paid from his account to the National Bank of Newburgh, a check for $2,400, which he had drawn upon the Nassau Bank, and it was credited by the Newburgh Bank to the account of executors, upon which Taylor had, without the knowledge of the Newburgh Bank or of the executors, drawn forged checks to the amount of $2,400, and the proceeds of which he had received.    The Nassau Bank upon being informed by the drawee that the draft for $6,000 was forged, repaid the same, and brought an action against the Newburgh Bank and the executors, to recover the amount of the forged check of $2,400, as part of the proceeds of the draft fraudu-lently used by Taylor.    *Held,* that the plaintiff was not entitled to recover. *Nassau Bank* v. *Nat. Bank of Newburgh,* 32 App. Div. 268, affirmed.

(Argued May 12, 1899; decided June 6, 1899.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered

July 22, 1898, affirming a judgment in favor of defendants entered upon the report of a referee.

On April 22d, 1897, Grant B. Taylor opened an account with the plaintiff, The Nassau Bank, and among other deposits, made by him that day and credited to his account, was one of a draft for $6,000, drawn by the Columbus Trust Company of Newburgh, N. Y., upon the Chase National Bank of the city of New York, in favor of Charles Currie. Taylor wrote Currie's name upon the back of the draft and then his own, upon making the deposit. Upon presentment the drawee paid to the plaintiff. the amount of the draft. Over a month later, upon being informed by the Chase Bank that Currie's indorsement was forged, and a demand being made for repayment, the plaintiff repaid to it the amount collected upon the draft. It appears, and such is the finding of fact, that Currie had no interest in, nor connection with, the draft and there is no explanation offered by the evidence of its origin, or purpose. Taylor had drawn out, substantially, all of the amount to his credit with the plaintiff and had disappeared. Thereupon the plaintiff, finding that the sum of $2,400, had been paid to the defendant, the Newburgh Bank, and was still on deposit there, commenced this action to recover the same, as part of the proceeds of the draft alleged to have been fraudulently used by Taylor. Prior to opening the account with the Nassau Bank, Taylor had drawn out of the Newburgh Bank the sum of $2,400, by means of forged checks purporting to have been made by the executors of the estate of John L. Adderton, and, to that extent, had diminished the amount to the credit of the estate in the bank. On May 3d, he deposited with the Newburgh Bank a check for $2,400, drawn by him upon the plaintiff to the order of the estate of John L. Adderton and indorsed, also, by him, "For deposit est. John L. Adderton by G. B. Taylor." The amount of the deposit was credited to that estate and the check was collected from the plaintiff; the payment being charged by it to Taylor's account. At the time when the deposit of $2,400, was made, neither the Newburgh Bank, nor the executors of Adderton's estate, were aware

of Taylor's forgeries, and the consequent loss thereby of that amount of money; nor were the latter aware of the deposit, which made good the amount theretofore withdrawn from the estate account, until the commencement of this action; wherein they are made parties defendants.

The referee found against the plaintiff and directed a judgment dismissing its complaint; which judgment was affirmed by the Appellate Division, in the second department.

*John M. Gardner* for appellant. While it is true that money, feloniously taken by a debtor, when by him paid to his creditor, who received the same in good faith, cannot be recovered by the true owner, yet, to bar the recovery, the creditor must show that the same has been received, or accepted by him in payment of the debt before notice of the felony. (*People* v. *St. Nicholas Bank*, 77 Hun, 159.) The claim of the bank to the money is utterly without foundation. (*Stephens* v. *Bd. of Education*, 79 N. Y. 186.) The plaintiff was defrauded in the payment of the $6,000 draft fraudulently presented by Taylor, and the money on deposit in its bank to the credit of Taylor was, of course, its money, and wrongfully taken by Taylor. (*Shipman* v. *Bank S. N. Y.*, 126 N. Y. 330.) The judgment in this case should not have been separate, but joint in favor of the defendants, dismissing the complaint with but one bill of costs. (Code Civ. Pro. § 1022.) If the form of the deposit was not controlling, but the intent of depositor, the Appellate Division could not reverse the finding of the referee without giving appellant the chance of a new trial. (*Benedict* v. *Arnoux*, 154 N. Y. 724.)

*Howard Thornton* for respondents. The plaintiff was not justified in commencing this action. (*Phillips* v. *M. Nat. Bank*, 140 N. Y. 556; *Justh* v. *Nat. Bank*, 56 N. Y. 482; *Coggill* v. *A. E. Bank*, 1 N. Y. 113.) The bank acquired a good title to the $2,400 check. (*Justh* v. *Nat. Bank*, 56 N. Y. 478; *Stephens* v. *Bd. of Education*, 79 N. Y. 183; *G. Nat. Bank* v. *State of N. Y.*, 141 N. Y. 379; *Hatch* v.

*Nat. Bank,* 147 N. Y. 184 ; *Hutchinson v. Manhattan Co.,* 150 N. Y. 250 ; *F. S. Bank v. Yardley,* 165 U. S. 644 ; *Clark v. S. I. Co.,* 39 U. S. App. 754 ; *Cragie v. Hadley,* 99 N. Y. 133 ; *M. Nat. Bank v. Loyd,* 90 N. Y. 534.) Taylor had a right to indorse the $2,400 check. (*Phillips v. M. Nat. Bank,* 140 N. Y. 556.) The proceeds of the draft represented by the $2,400 check having passed out of the control of Taylor, the plaintiff has lost all the right to reclaim it. (*Justh v. Nat. Bank,* 56 N. Y. 483 ; *Hatch v. F. Nat. Bank,* 147 N. Y. 191 ; *Stephens v. Bd. of Education,* 79 N. Y. 183.) No acceptance, either by the bank or the estate, was necessary. (Story on Agency [9th ed.], 288, 289, § 244 ; *Henry v. Allen,* 151 N. Y. 1.)

GRAY, J. I think that the case was correctly decided and that little need be added to what has been already said. The circumstances were very peculiar with respect to the draft for $6,000, which Taylor caused to be collected and placed to his credit. The payee, Currie, had no knowledge of, nor interest in it, as he testified, and it would appear that his name had been made use of in some way and for some purpose, which are not explained. Whether, however, the draft was made payable to a fictitious payee, though an existent person, and hence, as one payable to bearer, was effective · to pass title to its proceeds when collected by the plaintiff bank, is a question which might well admit of assertion and discussion upon the facts. (See *Coggill v. The American Exchange Bank,* 1 N. Y. 113 ; *Phillips v. Mercantile Nat. Bank,* 140 ib. 556.) But it is unnecessary, when the decision of the case may rest upon plain and well-settled legal propositions. The situation may be said to be, in certain aspects, new ; but I see no good reason for denying to it the application of the rule that when money has been received by a person in good faith, in the usual course of business and for a valuable consideration, it cannot be pursued into his hands by one from whom it has been obtained through the fraud of a third person. If it has been used, as it is claimed in the present case, to pay an

indebtedness owing by the third person, with innocence in the recipient, there is a consideration for its payment by him, which, despite the fraud through which the money was obtained and for reasons based upon policy and the need for such security in ordinary commercial transactions, supports and protects its possession against the world. The following cases establish and will illustrate the application of these principles: *Justh* v. *Nat. Bank of Commonwealth* (56 N. Y. 478); *Stephens* v. *Board of Education* (79 ib. 183); *Hatch* v. *Fourth National Bank* (147 ib. 184).

But it is the claim of the appellant that, conceding the doctrine of the cases, it is not available in the present case, for the reason that the money paid into the Newburgh Bank by Taylor was not received, nor accepted, by it with knowledge of his forgeries. It is argued that the mere deposit by Taylor of the money, without the knowledge of, or the acceptance by, his creditor, could not constitute payment within the rule. I am unable to recognize the force of the contention. Taylor was a debtor by reason of his forgeries, as well to those who were injured in their property rights thereby, as to the law for his criminal act, and it is of no conceivable importance, in my opinion, that the existence of the fact of indebtedness should be unknown, at the time when he sought to make reparation by repaying the moneys feloniously taken. Having made the payment, he could not reclaim it and no interest in the moneys remained in him. It satisfied the claim, which the bank, undoubtedly, possessed against him and discovery, or knowledge, of such a claim was not necessary to its existence. Nor is it of consequence, as to how the payment operated in its mode. He conceived that he had despoiled the Adderton estate and, therefore, made the payment in such form as to reimburse it; but the fact was that the bank's claim against him was satisfied and that the credit of the amount to the estate upon the account in the bank's books satisfied the claim of Adderton's executors. The bank received the money lost through the forgeries and it became the debtor of the executors for the money received. Taylor's plan, evi-

dently, was to make restoration in such a form as that his forgeries would not be exposed.  I think Mr. Justice CULLEN, who delivered the opinion at the Appellate Division, admirably expressed it, when he said : " Where one person defrauds another so skillfully that the party defrauded is ignorant of his loss, and restitution is made so adroitly that it does not disclose the original offense, does any different rule obtain from a case where one confesses his fault and openly makes restitution ? We apprehend that there can be no distinction between the two cases and that the very statement of the question precludes the possibility of but one answer."

I think that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.