TWIN REALTY CORPORATION, Respondent, *v.* GLENS FALLS PORT-
LAND CEMENT COMPANY and Others, Respondents, and AMERICAN
INSULATION COMPANY, Appellant.

Third Department, March 29, 1929.

*Mizen & Mizen* [*Harry C. Mizen* of counsel], for the appellant.

*Williams, Imrie & Boyce* [*Henry W. Williams* of counsel], for
the respondents.

PER CURIAM. The motion was to resettle and modify an order
and the judgment entered thereon so as to make them follow and
conform to the report and decision of the referee, by striking out
certain provisions relating to costs and allowances.

The action was for the foreclosure of a mechanic's lien filed against

a State improvement fund. It was referred to an official referee to hear and determine. The referee decided that the costs to be awarded should be determined by the court. No exceptions were filed. But, under the order of reference, the referee alone could make the determination. (Civ. Prac. Act, §§ 440, 470, 1533; *Nassau Bank* v. *National Bank*, 32 App. Div. 268, 271.) In the *Nassau Bank* case the court said: " Where the whole issues in an action are referred, the award of costs can be only made by the referee." And it has been held that a failure in that respect is equivalent to an explicit refusal. (*Stevens* v. *Weiss*, 25 Misc. 457.)

Thereupon the matter was brought on at Special Term, upon notice to all of the lienors, including appellant, by an order to show cause why the report and decision of the referee should not be confirmed, and why costs and allowances should not be fixed by the court. The court made an order of confirmation, unnecessarily, and fixed the costs and allowances. Judgment was entered thereon by the clerk. It included the costs as so fixed.

Appellant did not appear on the motion, but its attorneys sent a letter to two of the attorneys, to the effect that it seemed to them that the extreme measure of the allowances to all of the attorneys should not exceed the usual bill of costs to the plaintiff's attorney and the defendants' attorneys, with an extra allowance not exceeding two and one-half per cent divided among the attorneys in a fair and equitable manner and with a reasonable allowance to three lawyers, who had performed unusual services as a committee at the request of all of the attorneys. They wrote that their estimate was that the total would not exceed a gross of approximately $1,200, " which should be the limit," but that a total of $1,000 would be nearer their notion. They did not ask for an allowance. As fixed, the total costs and allowances were the sum of $2,392.25, and the result is a deficiency, with nothing to apply upon the claims of junior lienors. The order and the judgment do not recite that appellant appeared or objected, and it did not move to that end, but moved, independently, to modify and resettle by striking out the provisions to which it objected.

The motion was to strike out and was properly made. (*Foley* v. *Foley*, 15 App. Div. 276, 279; *Corn Exchange Bank of Chicago* v. *Blye*, 119 N. Y. 414, 420.) An appeal from the judgment was not necessary, as it might have been in a mere motion to modify and to resettle as to an irregularity. (*Pinchot* v. *N. Y. Elevated R. R. Co.*, 49 App. Div. 356; *Waltham Mfg. Co.* v. *Brady*, 67 id. 102.) But the parties to a civil action may by stipulation or

consent waive their statutory rights and agree upon the procedure they will follow. (*Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447, 453.) In this case, they could, by consent, provide that the costs and allowances should be fixed by the court which granted the order of reference, instead of by the referee. And the letter, to which reference has been made, sent on behalf of appellant, the only objecting party, is its consent within certain limits. The court, in acting under the stipulation giving jurisdiction, is bound by the consent and may not go beyond the terms stipulated.

The order should be reversed on the law and the matter remitted to Special Term to make provision for costs and allowances within the terms of the consent.

VAN KIRK, P. J., DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and matter remitted to Special Term.