ANELESS CORPORATION, Respondent, *v.* ALBERT E. WOODWARD, Appellant.

(Argued June 8, 1933; decided July 11, 1933.)

*Frederick C. McLaughlin* and *Eugene W. Annis* for appellant.

*Otto C. Sommerich, Maxwell C. Katz* and *Raymond T. Heilpern* for respondent.

O'BRIEN, J. In plaintiff's brief the sole issue is stated to be whether personally or through his agents, defendant had notice of the diversion of plaintiff's funds.

Plaintiff is a New York corporation. Oscar J. Wile, who was its treasurer, was personally indebted in a sum upwards of $33,000 to defendant from whom he had mis-

appropriated that amount and who resides in England. There is a finding that Wile was empowered to execute corporate checks for corporate purposes. In order to discharge this personal obligation, the day before defendant left New York Wile as treasurer drew plaintiff's corporate check in favor of defendant upon the National City Bank, caused it to be certified, wrote upon the back the words: " For deposit to the credit of A. E. Woodward," underneath these words inscribed " Aneless Corporation, Oscar J. Wile, Treas.," delivered the check to the Royal Bank of Canada and surrendered to defendant a duplicate deposit slip which did not indicate the form of the check. The bank collected it and paid the proceeds to defendant. It had no knowledge that the check was drawn in payment of a personal indebtedness and, until the institution of this action, defendant had no knowledge of the fact that plaintiff's funds had been used to pay Wile's indebtedness nor even any knowledge of plaintiff's existence.

As between Wile and defendant a valuable consideration subsisted. If Wile had abstracted $33,000 in cash from plaintiff's safe, deposited it to the credit of his own account and drawn a check against it to the order of defendant who, without knowledge or means of knowledge of the circumstances, took possession of the proceeds, defendant would not be liable. (*Stephens* v. *Board of Education*, 79 N. Y. 183; *Newhall* v. *Wyatt*, 139 N. Y. 452, 456.) Even if Wile had deposited a forged check to defendant's credit in the Royal Bank without knowledge by the bank or by defendant of the forgery and defendant had in good faith transferred this credit to his own bank in England, the victim of the forgery could not recover against him. In *Nassau Bank* v. *National Bank of Newburgh* (159 N. Y. 456, 459), on facts analogous to this supposition, application was made of the rule that when money has been received by a person in good faith in the usual course of business and for a valuable consideration, it cannot be pursued into his hands by one from whom it

has been obtained through the fraud of a third person. If this check in evidence had been delivered to defendant in person he would have been put on notice by its form. He had actual knowledge that the debt to him was not corporate. If the bank had possessed the same knowledge concerning the personal nature of the debt, it also would have been put on notice. The bank, however, was defendant's agent only for the purpose of collecting a check (Neg. Inst. Law; Cons. Laws, ch. 38, § 350-c) presented in the usual course of business, regular on its face and bearing no indicia of such defects as would constitute a warning. If the form of the instrument was not unusual and if delivery was not accompanied by any suspicious circumstances, there is no rule that the bank was bound to communicate to the payee specific information in relation to the details of the transaction. The two principals were Wile and defendant. In converting corporate assets and directing them into channels whereby they eventually reached defendant, Wile acted alone and was the agent of no one. His fraudulent performance was for his own benefit. He was merely defendant's debtor and plaintiff's despoiler. He simply paid a debt in his own behalf with other people's money. It was the bank and only the bank which acted as defendant's agent and its powers were restricted to receipt of the deposit for collection and transmission. Without purporting to indorse as defendant's agent, Wile did pretend to act for plaintiff in instructing the collecting bank to receive the deposit for defendant's account. Defendant never saw the check. His agent for a limited purpose never was aware and was under no duty to make inquiry in relation to the situation forming the background of its issue. Unlike the facts in *Wen Kroy Realty Co.* v. *Public Nat. Bank & Trust Co.* (260 N. Y. 84), we have here the strongest basis for a finding of apparent authority by the drawer of the check. Wile was empowered by his corporate principal to issue a check in this form and it was

certified by the bank upon which it was drawn. We cannot hold that the actual facts, one of the essentials being unknown to the principal and the other unknown to the agent, can be so combined as to impute to the principal knowledge of the whole transaction. In order to hold defendant, either actual knowledge must have been possessed by him that the individual debt was paid by corporate check or actual knowledge by the bank that the corporate check was drawn to discharge a personal debt. If defendant's agent had known both these facts, or if any circumstance had been sufficient to put it on notice, its knowledge or notice would be imputable to defendant. But the mere knowledge of an agent in relation to the particular form of a written instrument which apparently is properly used in the usual course of business is not imputable to one who in good faith and for consideration becomes the beneficiary. We think, therefore, that there is no evidence that defendant either personally or through his agent had notice of the diversion of plaintiff's funds.

The judgment should be reversed and the complaint dismissed, with costs in all courts.

POUND, Ch. J., CRANE, LEHMAN and KELLOGG, JJ., concur; CROUCH, J., concurs in result only; HUBBS, J., not sitting.

Judgment reversed, etc.