CHEMICAL BANK & TRUST COMPANY, LAWSON WILLIAMS and HERMAN GOLDMAN, Executors, etc., of EDGAR P. LAWSON, Deceased Trustee, under a Declaration of Trust Dated December 23rd, 1922, and Declarations of Trust Supplemental Thereto, and under a Declaration of Trust Dated January 5th, 1932, Respondents, *v.* LAWSON WILLIAMS, WILLOUGHBY WILLIAMS, LILA HARTMAN LAWSON, WILLIE WILLIAMS, JEANNE LAWSON, CHARLES ALFRED TOWNSEND, General Guardian of JEANNE LAWSON, and NANCY BOYD WILLIAMS, MARIE LAWSON WILLIAMS and LAWSON WILLIAMS, JR., Infants under the Age of Fourteen Years, Appellants-Respondents, Impleaded with AIMEE A. IRWIN and Others, Defendants.

WILLIAM LEVIN, Referee, Respondent.

First Department, April 10, 1941.

*Allan S. Locke*, for the defendants-appellants-respondents Lawson Williams, Willie Williams, Lila Hartman Lawson and Willoughby Williams.

*Martin Conboy* of counsel [*Ernest E. Wheeler*, *David Asch* and *Archibald H. Cashion* with him on the brief; *Ehrich, Royall, Wheeler & Walter*, attorneys], for the defendants-appellants-respondents Jeanne Lawson and Charles Alfred Townsend, general guardian of Jeanne Lawson.

*John Caldwell Myers* of counsel [*John F. Keating* with him on the brief], also guardian *ad litem* of infant defendants-appellants-respondents Nancy Boyd Williams, Marie Lawson Williams and Lawson Williams, Jr.

*Alfred McCormack* of counsel [*William H. Gambrell* and *Eustace W. Tomlinson* with him on the brief; *Cravath, de Gersdorff, Swaine & Wood*, attorneys], for the plaintiff-respondent Chemical Bank & Trust Company.

*Benjamin Wiener* of counsel [*Irving Zion* and *Herman M. Brauner* with him on the brief; *Herman Goldman*, attorney], for the plaintiffs-respondents Lawson Williams and Herman Goldman.

*John C. Spallone* of counsel [*William Levin,* referee], for the respondent William Levin.

PER CURIAM. It is a fundamental principle that a judge is disqualified when he has an interest in the matter to be decided. Accordingly, we think that the referee, notwithstanding that he was appointed to hear and determine the issues, was without power to fix allowances to any of the parties or attorneys.

At the first hearing, by stipulation upon the record, the statutory fee of the referee was waived and it was agreed that the court should fix reasonable compensation for his services. The fixation of such fee thus became subject to the suggestions to be made to the court by the parties and their attorneys. In such circumstances there may be a tendency to make the referee's fee proportionate to the allowances which have been fixed by the very referee who seeks pay for his services. The law does not permit the referee to occupy any such anomalous position. The question of allowances must be reserved for a tribunal having no pecuniary interest in the matter, which in this case should have been the court at Special Term.

Concededly, the attorney for the plaintiffs has rendered valuable services for the estate. However, he is entitled to be compensated here only to the extent of his services in relation to the trust. For the services rendered in behalf of the estate, namely, the estate for which his clients are executors, he must look to the estate for reimbursement. As to the guardian for the Williams infants, though the services rendered on their behalf were capably performed, the interests of the infants he represents are exceedingly remote and in present value may be exceeded by the allowance made by the referee. The attorney for adult remaindermen may not be compensated for the services here as they were solely for the benefit of the estate. The denial of an allowance is without prejudice to an application to the Probate Court in Connecticut. The allowance to the guardian *ad litem* for appellant Jeanne Lawson should also be reduced.

This court fixes the allowances *de novo* as follows: $20,000 to the attorney for the plaintiffs without prejudice to an application to the Probate Court in Connecticut for additional compensation for services rendered in behalf of the estate; $3,500 to the guardian *ad litem* for the Williams infants; $7,500 to the guardian *ad litem* for Jeanne Lawson. We think, too, that the allowance to the referee should be reduced to the sum of $7,500.

In all other respects the judgment and orders appealed from we find to be proper.

The judgment and orders appealed from should be modified accordingly, and as so modified affirmed, with costs to defendant Jeanne Lawson payable out of the estate. ¡

Present — MARTIN, P. J., TOWNLEY, GLENNON, DORE and COHN, JJ.

Judgment and orders unanimously modified, in accordance with opinion, and as so modified affirmed, with costs to the defendant Jeanne Lawson payable out of the estate. Settle order on notice.