MARY E. SNELL, Plaintiff, v. EARL SNELL, Defendant.

Supreme Court, Monroe County, January 13, 1942.

*David R. Levin,* for the plaintiff.

VAN VOORHIS, J. Being an action for divorce, the plaintiff was required to prove the material allegations of her complaint notwithstanding the defendant's default in appearing and pleading. (Civ. Prac. Act, § 1150.) Instead of taking this testimony at the Special Term, the Special Term referred the issues to an official referee to hear and determine. This practice is authorized by sections 469 and 1174 of the Civil Practice Act and rule 282 of the Rules of Civil Practice and section 117 of the Judiciary Law. The proof on the default has been taken before the official referee, who has made his report, stating his findings of fact and conclusions of law to the effect that the plaintiff is entitled to an interlocutory judgment of divorce and awarding to her the custody of the issue of the marriage. Instead of applying to the referee to sign the judgment, plaintiff's counsel has applied to the Special Term. Such practice would have been proper if the reference had been one to hear and report. The rule is otherwise where it is to hear and determine. It is expressly provided by section 1174 of the Civil Practice Act that in actions for divorce, separation or annulment " judgment may be taken, of course, upon the referee's report." The practice in this regard does not differ from references to hear and determine other types of action. (Rules Civ. Prac. rule 198.) The attention of the court has been drawn to the second paragraph of rule 283, stating: " No judgment in an action for a divorce shall be entered except by special direction of the court." That does not prevent judgment from being entered upon the official referee's report where the whole issue has been referred to him to try and determine. Under such circumstances, the official referee acts for the court. The report of the referee, like the decision of the court where there has been no reference, is the special direction of the court which the rule requires. No other construction is possible in view of section 1174 of the Civil Practice Act, which, even if there were a conflict in meaning, would take precedence over a rule of practice. Decisions to the contrary may be found prior to the amendment of section 1174 by chapter

220 of the Laws of 1927, in effect March 21, 1927. Since then the rule has been recognized as herein stated, *e. g., Sigmund* v. *Sigmund* (233 App. Div. 214), where it was said in this department, per CROSBY, J.: " The issues in the case were referred to an official referee for trial and judgment was entered, as of course, upon the referee's report, without application being made to the Special Term, in accordance with the provisions of section 1174 of the Civil Practice Act (as amd. by Laws of 1927, chap. 220)." Nothing to the contrary was held in *Lyvers* v. *Lyvers* (232 App. Div. 872; affd., 257 N. Y. 614). There the order of reference did not specify whether it was to hear and report, or to hear and determine. The learned referee construed it as being to hear and report, and it was thereafter dealt with accordingly. After the objecting party had proceeded upon the theory that it was a reference to hear and report by applying to the Special Term for confirmation, it was held to be too late to act on a different basis. The law does not require the judgment to be signed either by a justice of the court or by an official referee. It is entered by the clerk upon the authority of the decision of the court, or the report of the referee, which has the effect of a decision by the court where the reference has been to hear and determine. (Civ. Prac. Act, § 470, subd. 2.) The object in obtaining the signature either of the justice or of the referee is for the convenience of the county clerk who otherwise would be obliged to satisfy himself by studying the papers that the judgment corresponded with the decision or report. " The signature of the judge simply relieved the clerk from the necessity of comparing the decision of the court with the proposed judgment furnished by the plaintiffs' attorney to see that they corresponded. It was no part of the judgment and was wholly superfluous. (*Loeschigk* v. *Addison*, 3 Robt. 331.) The decision was the only authority for entering the judgment. The entry of judgment is the act of the clerk, and he might himself have prepared and entered it, or he could adopt the form prepared by the plaintiffs' attorney." (*Clapp* v. *Hawley*, 97 N. Y. 610, 614, 615.) It is true that where the judgment to be entered upon a decision or report is interlocutory with a direction that the final judgment be settled by the court or referee, the signature of the judge or referee to the final judgment is required. (Id.) That does not alter the circumstance that an interlocutory judgment (as in the case of divorce or annulment) entered pursuant to the direction contained in a decision or report may state the substance of the final judgment to which the party will be entitled without directing that the final judgment be settled by a judge or referee. (Rules Civ. Prac. rule 188.) In that event no settlement thereof by the judge or

referee is required, and the judgment is " taken, of course, upon the referee's report " as is stated in section 1174 of the Civil Practice Act. The language of that section is so clear that it is difficult to understand how it could be misconstrued.

The Supreme Court is authorized to refer to official referees questions relating to the custody of children as incidental to the determination of matrimonial actions (*Matter of Brock*, 245 App. Div. 5), which is not distinguished by *Decker* v. *Canzoneri* (256 App. Div. 68, 72) in any particular relevant to the present action. Subsequent changes in custody would not come under the same reference.

The plaintiff's application to the Special Term to sign the interlocutory judgment of divorce is denied. If it is to be signed by any officer other than the county clerk, it should be signed by the official referee.