RUTH HIMMELSTEIN, Plaintiff, *v.* ABRAHAM HIMMELSTEIN, Defendant.

Supreme Court, Special Term, Bronx County, April 29, 1946.

*Benjamin Shedler* for plaintiff.

*No appearance for defendant.*

SHIENTAG, J. This is an undefended divorce action. The official referee has directed that judgment be entered pursuant to section 1174 of the Civil Practice Act. Presumably, this direction is addressed to the clerk of the court. The official referee is without power to make any such direction. Section 1174 of the Civil Practice Act provides as follows: " In an action to annul a marriage or for a divorce or separation, which has been referred to an official referee, judgment may be taken, of course, upon the referee's report. Where a reference is made in such an action to a referee other than an official referee, the testimony and the other proceedings upon the reference must be certified to the court by the referee with his report; and judgment must be rendered by the court."

This section in no way precludes the court from specifically limiting a reference to an official referee, in an undefended matrimonial action, to hear and to report to the court with his recommendations or with his findings of fact and conclusions of law. (Cf. *Snell* v. *Snell*, 177 Misc. 923.) It has been the uniform practice of this court to limit in that manner, references to official referees in matrimonial actions which are undefended. Section 1174 has no application where, as here, the order of reference to the official referee is " to hear and report to the Court with his findings of fact and conclusions of law ". In such references the procedure has always been for a motion to be made to the court for an interlocutory judgment in accordance with the findings of the official referee. Such a judgment is not entered as of course, and the report of the referee and his findings, although entitled to great weight, are not conclusive upon the court.

The court, ordinarily, will not assume to pass on questions of credibility. That is, generally speaking, the province of the referee who hears and sees the witnesses. Where the evidence,

however, is clearly insufficient to sustain the findings of the official referee, it is the duty of the court to intervene. Insufficient evidence, in the eyes of the law, is no evidence.

As early as 1815, Chancellor KENT announced the public policy of the State, which fortunately still prevails, to be as follows: " To guard against all kind of improper influence, collusion, and fraud, it is the policy of the law, not to proceed upon the ground of the *consent* of parties to a dissolution of the marriage contract * * *." (*Williamson* v. *Williamson,* 1 Johns. Ch. 488, 490.)

The evidence is insufficient to warrant a divorce, notwithstanding the failure of the defendant to contest the issue. At the request of counsel, however, instead of dismissing the complaint, I shall set the case down before me on the motion calendar of Special Term, Part I, of this court for May 2, 1946, at 11:00 A.M., for the purpose of taking additional proof.