BENT STEEL CO., INC., Respondent, v. WESTERN ELECTRIC COMPANY, INCORPORATED, Appellant. — In an action to recover for work, labor and services, order granting reargument and on reargument adhering to the original decision which denied defendant's motion for a new taxation of costs so as to strike out an extra allowance awarded by a referee who was appointed to hear and determine the issues, insofar as appealed from, affirmed, with $10 costs and disbursements. A referee who hears and determines the issues upon a trial acts as " the court " and is empowered to award or withhold discretionary costs as an incident of the trial for the purpose. of effectuating the complete disposition of the controversy and rights of the parties. (Civ. Prac. Act, §§ 469, 470, subd. 2; §§ 1513, 1533; *Schuyler* v. *Smith,* 51 N. Y. 309, 317; *Graves* v. *Blanchard,* 4 How. Prac. 300, 302–303; *Osborn* v. *Cardeza,* 208 N. Y. 131, 134; *Twin Realty Corp.* v. *Glens Falls Portland Cement Co.,* 225 App. Div. 515; *Hun* v. *Salter,* 24 Hun 640, 641.) We are constrained, therefore, not to follow the authority of *Howe* v. *Muir* (4 How. Prac. 252, 253); *Ongley* v. *Marcin* (214 App. Div. 455, 464); *Di Silvestro* v. *Sons of Italy Grand Lodge* (228 App. Div. 14, 18); and the dictum in *Pinsker* v. *Pinsker* (44 App. Div. 501). Carswell, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ., concur.

BIRCH BUILDING CORPORATION, Respondent, v. ROBERT L. THORP et al., Appellants, and JOSEPH B. SLENSBY et al., Impleaded Defendants-Respondents.— Action to foreclose a mechanic's lien. Appellants Thorp and Faris in their answer interposed a counterclaim against the plaintiff and certain impleaded defendants and moved for a jury trial on framed issues in respect of the counterclaim. They also moved to examine before trial the plaintiff and the impleaded defendants. From an order denying their motion to frame issues and for a jury trial, and denying in part their motion for an examination before trial, Thorp and Faris appeal. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. The general rule in equity in respect of the right to a jury trial on a legal counterclaim has been changed in respect of mechanics' liens by section 45 of the Lien Law. (*Klein, Inc.,* v. *New Deal Building Corp.,* 171 Misc. 1058; Jensen on Mechanics' Liens, p. 330.) The denial of the right to examine in respect of four of the eight items sought by appellants was a proper exercise of discretion. Carswell, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ., concur.

JULIUS BRONSTEIN, Respondent, v. ROSE BRONSTEIN, Appellant.— In an action for separation on the ground of abandonment and cruelty, the court awarded judgment to the plaintiff husband and dismissed the counterclaim. Judgment unanimously affirmed, without costs. No opinion. Present — Johnston, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ.

IRVING DUBOIS, an Infant, by VICTOR DUBOIS, His Guardian ad Litem, et al., Appellants, v. SEAS SHIPPING COMPANY, Respondent.— Action by the infant plaintiff to recover damages for personal injuries suffered when, preparatory to loading a ship owned by defendant, an iron rail, which was being removed, toppled over and struck him; and by his father for expenses and loss of services. The complaint was dismissed at the close of plaintiffs' case. Judgment unanimously affirmed, with costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ.