RALPH ABRAMS, Individually, as a Bondholder and Stockholder of Textile Realty Corporation, and on Behalf of All Bondholders and Stockholders of Said Corporation Similarly Situated, Plaintiff, *v.* TEXTILE REALTY CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, November 28, 1949.

*Charles Abrams* for plaintiff.

*Hamilton C. Rickaby* and *Benjamin C. Milner* for Textile Realty Corporation, defendant.

*Holdeen, Elias & Holden* for Jonathan Holdeen, defendant.

*Edward Weinfeld,* defendant in person.

*Davis Polk Wardwell Sunderland & Kiendl* for Dry Dock Savings Institution, defendant.

*White & Case* for New York Trust Company, defendant.

McNALLY, J. Motions numbered 60, 62 and 63 are consolidated. All issues herein were referred to the referee to hear and determine. Thereby were transmitted to the referee all the powers, duties, and obligations of the court in respect of the matter referred. (Civ. Prac. Act, §§ 469, 470; *Morange v. Meigs,* 54 N. Y. 207; *Schuyler* v. *Smith,* 51 N. Y. 309; *Albany*

*Brass & Iron Co.* v. *Hoffman,* 30 App. Div. 76.) It is the referee's duty to sign the judgment. (*Snell* v. *Snell,* 177 Misc. 923; cf. *Himmelstein* v. *Himmelstein,* 186 Misc. 964.) And it is incumbent on the referee to exercise his discretion in the award of costs and allowances. (*Osborn* v. *Cardeza,* 208 N. Y. 131; *Nassau Bank* v. *National Bank of Newburgh,* 32 App. Div. 268, affd. 159 N. Y. 456; *Bent Steel Co.* v. *Western Elec. Co.,* 274 App. Div. 888.) The foregoing principles are subject to the qualification applicable to judges and referees that the trier shall not pass on matters in which he is interested. In aid of that salutary policy this department has laid down the rule that in a case of this kind and character, the referee's statutory fees having been waived, the amount of the allowances to the referee and counsel shall be passed on by Special Term. (*Chemical Bank & Trust Co.* v. *Williams,* 261 App. Div. 581.) The duty to determine counsel's right to the allowance sought remains with the referee. This motion for an allowance to counsel is predicated on the referee's lack of power to pass on the right thereto. That, however, is not the case. It is the referee's duty and power to pass on the right. If the right is sustained by the referee, Special Term is then enabled to adjudicate the amount. If the right is not upheld by the referee, it will be unnecessary to apply to Special Term for a fixation of the amount of the allowance. The indicated procedure at this time is to remit to the referee for his consideration and action the motion for an allowance to counsel and the motion for judgment. (*Maicas* v. *Leony,* 113 N. Y. 619; *Garczynski* v. *Russell,* 75 Hun 492.) The said motions accordingly hereby are remitted to the referee. The motion to fix the referee's allowance is denied, without prejudice to its renewal after the determination of all the issues before the referee.