Charles S. Golden, J.
In an action to foreclose mechanics’ liens, the court, upon consent of the parties, made an order dated December 21, 1954 appointing a Referee to hear and determine the issues of fact and law therein. Following three hearings held on March 28, April 4 and 8, 1955, a transcript of the testimony comprising some 340 pages was furnished to the Referee, following which he made and filed his report, dated June 1, 1955 separately stating his findings of fact and conclusions of law.
*225 Thereafter, by a notice of motion dated June 13, 1955, the defendants Adler moved for an order vacating and setting aside said report and ‘1 removing the said Eeferee on the ground of the said Eeferee’s indiscreet and improper conduct, and that the matter be restored to the Special Term Calendar of this court for trial ”. By notice of motion dated June 14, 1955 the plaintiff moved for judgment in conformity with the report of the Eeferee and to have the latter’s fees fixed and determined. At the same time, there was presented to the court for signature a proposed judgment in conformity with the Eeferee’s report and directing the sale of the property by a referee to be appointed.
The motion of the defendants Adler is in all respects denied since upon the affidavits submitted in support of and in opposition thereto, there is insufficient evidence of any improper conduct on the part of the Eeferee warranting his removal, the setting aside of his report and restoring the cause to the calendar for a new trial. At the opening of the third and last hearing on April 8, 1955, the attorney for the plaintiff suggested that the parties waive the statutory provisions for the Eeferee’s fees and that the same be fixed by the court. All attorneys, with the exception of the attorney for the Adlers, consented immediately. Said attorney did so after a short discussion. Thereupon the following stipulation and consents were spread upon the record:
“ Mr. Zaleski : It is hereby stipulated, consented to and agreed by all Counsel involved in this proceeding, that the statutory limit of the Eeferee’s fee herein, be and the same is hereby waived;
‘ ‘ And it is further consented to by all Attorneys that the fee of the Eeferee be set and determined by the Court.
“ Now, I understand that is the stipulation. There is no objection to that, Mr. Saxstien?
“ Mr. Saxstien: That’s right.
‘ ‘ Mr. Zaleski : Thank you very much.
‘' Mr. Eaffe : I consent to it.
‘ ‘ Mr. Stark : I consent to it. ’ ’
Even if the version of the proceedings with reference to the waiver of statutory fees contended for by the attorney for the Adlers were credited by this court, notwithstanding that it is not reflected in the stenographer’s minutes, it would still be improvident to grant them the relief they seek since they took no steps to disqualify the Eeferee until after he rendered his decision adversely to them. The stenographic minutes of testimony adduced at the third hearing subsequent to the stipulation *226 respecting the Referee’s fees covered 137 pages and nowhere did the attorney for the defendants Adler raise any- question as to the Referee’s alleged disqualification, nor did he subsequently do so by any application during the almost two-month interval between the conclusion of the hearings on April 8 and the filing of the decision on June 1, 1955. Under these circumstances his clients may not do so at this time.
As was stated by the Appellate Division, First Department, in Fisher v. Fisher (223 App. Div. 19, 21): “A party waives any disqualification not involving corruption by proceeding with the reference after the cause for disqualification has become known to him. * * * The rule as to setting aside
a referee’s report because of disqualification cannot be invoked by a party who knew of the disqualification and proceeded with the reference. ’ ’ Miles Laboratories v. American Pharmaceutical Co. (261 App. Div. 108) is not to the contrary. There, unlike the situation in the case at bar, the Referee himself requested, when the testimony had been taken in full and the briefs submitted by both sides, that he be paid a fee in a definite, certain amount at that time. The court held that in so doing he had disqualified himself, notwithstanding the failure of the parties promptly to move to disqualify him since such failure was fully explained and excused.
Now as to the motion of the plaintiff for judgment in conformity with the report of the Referee and for the other relief described above. Inasmuch as the reference herein was one to hear and determine the issues of fact and law presented in this action, there was transmitted to the Referee all the powers, duties and obligations of this court in respect of the matters referred. (Civ. Prac. Act, §§ 469, 470; Morange v. Meigs, 54 N. Y. 207; Schuyler v. Smith, 51 N. Y. 309; Albany Brass & Iron Co. v. Hoffman, 30 App. Div. 76; Abrams v. Textile Realty Corp., 197 Misc. 25.) That included the power to award or withhold discretionary costs. (Bent Steel Co. v. Western Elec. Co., 274 App. Div. 888; see, also, 86 N. Y. S. 2d 344, 353, affd. 274 App. Div. 1066; Twin Realty Corp. v. Glens Falls Portland Cement Co., 225 App. Div. 515.) The disposition by the Referee of all matters referred to him to hear and determine stands as the decision of this court and the only way to review it is by appeal to an appellate court. (Bedford v. Hol-Tan Co., 140 App. Div. 282, 285-286; Kiernan v. Consolidated Gas & Gasoline Engine Co., 121 Misc. 403.)
The foregoing principles, however, do not apply ^ to the question of the Referee’s compensation and the appointment of a referee under whose direction the property under fore *227 closure may be sold. Obviously, the Referee cannot determine his own compensation and under our practice, he has no power to appoint a referee to sell real property under foreclosure. Section 506 of the Civil Practice Act expressly provides that a referee to sell real property must be appointed by the court, and rule 265 of the Rules of Civil Practice likewise provides that a referee in foreclosure cases “ shall be selected by the court, and the court shall not appoint as such referee a person nominated by a party to the action or his counsel.” Accordingly, the Referee’s allowance for his services rendered herein is fixed and determined in the sum of $500. Reginald Condon Smith, Esq. of 137 West Main Street, Riverhead, Suffolk County, New York, is appointed Referee to sell. A judgment in strict conformity with the report of the Referee, dated June 1, 1955, may be entered without further warrant by the clerk as a ministerial act. (Decker v. Canzoneri, 256 App. Div. 68, 69.)
Settle order on two days’ notice.