■ FIRST UNION NATIONAL BANK, as Successor by Merger to SIGNET BANK, N. A., and SIGNET LEASING & FINANCIAL CORPORATION, et al., Appellants, v A.G. EDWARDS & SONS, INC., et al., Respondents. [691 NYS2d 491] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered January 6, 1999, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiff banks were allegedly defrauded of some $354 million by entities not named as defendants in this lawsuit. Subsequent to the fraud, those entities are said to have invested the fraudulently obtained funds through defendant brokers. In this action, plaintiffs seek to recover the funds of which they were defrauded from defendant brokers upon the theory that although defendants did not have actual knowl-

edge that the funds transferred to them for investment were fraudulently obtained, they were on notice of facts and circumstances that would have led an ordinarily prudent broker to investigate and ascertain the provenance of the funds. We agree with Supreme Court that plaintiffs have not alleged a viable theory of recovery. It would conflict with the strong public interest in maintaining the finality of payments of money in business transactions to require frequent inquiries by firms into the sources of funds paid in the ordinary course of business (*see, Banque Worms v BankAmerica Intl.*, 77 NY2d 362, 372-373). Accordingly, the victim of a fraud cannot pursue the money taken from him by the wrongdoer into the hands of a third person, who has received such funds "in good faith in the usual course of business and for valuable consideration" (*Aneless Corp. v Woodward*, 262 NY 326, 329), and, as in cases involving commercial paper, merely failing to investigate upon acquiring information that would give rise to reasonable suspicion, while perhaps an act of negligence, does not constitute subjective bad faith or dishonesty (*see, Hartford Acc. & Indem. Co. v American Express Co.*, 74 NY2d 153, 162-163; *Chemical Bank v Haskell*, 51 NY2d 85, 91-92; *Manufacturers & Traders Trust Co. v Sapowitch*, 296 NY 226, 229-230; Restatement of Restitution § 174, and comment *c* thereto; *see also, Securities & Exch. Commn. v Lehman Bros.*, 157 F3d 2, 6-7). *Majer v Schmidt* (169 AD2d 501), relied upon by plaintiffs, does not require a result contrary to the one we have reached. The transfer of funds at issue in that case was made to settle litigation and, unlike the presently challenged deposits of funds with defendant brokers, was not executed in the ordinary course of business. Moreover, the facts alleged in *Majer* gave rise to an issue of subjective bad faith on the part of the transferees (*see*, 169 AD2d, at 503-504), wholly absent herein. We note, finally, that even if inquiry notice were an adequate predicate for liability under the circumstances alleged, and it is not, it is not readily apparent from the complaint how an investigation by defendants would have uncovered the fraud by which plaintiffs had been victimized, and this would independently require dismissal of the complaint (*see, Manufacturers & Traders Trust Co. v Sapowitch*, 296 NY, *supra*, at 230; *Kinstlinger v Manufacturers Trust Co.*, 280 App Div 729, 734). Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.