EDWARD HAYWARD, RESPONDENT, *v.*. THE MANHATTAN
RAILWAY COMPANY, APPELLANT.

*Right to commence a new action, within one year after a reversal of a judgment or a
dismissal of an action, under section 405 of the Code of Civil Procedure.*

In an action, brought in May, 1887, to recover for injuries sustained in consequence
of the defendant's negligence in November, 1883, the complaint alleged that an
action for the same cause was commenced within the three years required by
section 383 of the Code of Civil Procedure; that it was brought to trial; that
the proof failed to support the action, and that in consequence thereof the
plaintiff was permitted to withdraw a juror upon condition that the case be set
down for trial on the first Monday of April, 1887, and upon the further condi-
tion that the plaintiff pay twenty dollars trial costs and disbursements upon the
former trial within ten days; that the time to make this payment was twice
extended, but as no payment was made the case was, on April twentieth, dis-
missed for "failure to pay said costs" and a final judgment was entered.

*Held,* that the plaintiff did not come within the provisions contained in section 405
of the Code of Civil Procedure, which provides that when a judgment is
reversed on appeal without awarding a new trial, or the action is terminated
in any other manner than by voluntary discontinuance, a dismissal of the com-
plaint from neglect to prosecute the action, or a final judgment on the
minutes, the plaintiff may commence a new action within one year after such
reversal or termination.

That the fact that the failure to prosecute was caused by the inability of the
plaintiff to pay the costs awarded against him, upon the failure of his proof upon
the trial, as a condition to his right to a further trial with additional proof, did
not excuse the neglect to prosecute.

That the power of the court to dismiss an action for a failure to obey its orders
was a general power inherent in courts of justice, and was expressly given by
section 822 of the Code of Civil Procedure.

That the action was barred by the statute of limitations.

APPEAL from a judgment rendered at the Kings County Circuit
in favor of the plaintiff, which was entered in the office of the
clerk of said county on the 19th day of April, 1888 ; and, also, from
an order denying the defendant's motion to set aside the verdict
and for a new trial upon the minutes of the justice presiding at the
trial, which was entered in the said clerk's office on the 23d
day of April, 1888.

*Davies, Cole & Rapallo,* for the appellant.

*George W. Wilson,* for the respondent.

BARNARD, P. J. :

This action is brought to recover for injuries suffered in consequence of the defendant's negligence. The injury was occasioned in November, 1883, and this action was commenced in May, 1887. By section 383 of the Code of Civil Procedure such an action is barred in three years. To meet this the complaint avers that an action for the same cause was commenced within the three years; that it was brought to trial on the 7th of March, 1887; that the proof failed to support the action, and, in consequence thereof, the plaintiff was permitted to withdraw a juror upon condition that the case be set down for trial on the first Monday of April, 1887, and upon the further condition that the plaintiff pay twenty dollars trial costs and disbursements of defendant upon the former trial within ten days. The time was twice extended in which to make these payments. The payments were never made. On the twentieth of April the case was dismissed for "failure to pay said costs," and final judgment was, therefore, entered. The costs were not paid because the plaintiff was unable to pay them. Section 405 of the Code provided that when a judgment is reversed on appeal without awarding a new trial, " or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment on the minutes," the plaintiff may commence a new action within one year after such reversal or termination. The plaintiff does not come within this exception. The final action was dismissed for a failure to prosecute. That the failure to prosecute was caused by the inability of the plaintiff to pay the costs awarded against him upon the failure of his proof at the trial, and as a condition of his right to a further trial with additional proof, does not destroy or excuse the neglect to prosecute. It was a refusal to obey the order of the court, and was voluntary, even if he had not the necessary money with which to pay the costs imposed as a condition of a favor granted to him. A dismissal for a failure to obey orders is a general power inherent to courts of justice. (*Gross* v. *Clark*, 87 N. Y., 272.) The power is expressly given by section 822 of the Code. The case is stronger than *Morange* v. *Meigs* (54 N. Y., 208). In that case there was a dismissal of the plaintiff's complaint for a refusal to go on with the trial. In the present case the plaintiff escaped a nonsuit on the con-

dition that he would pay certain costs within a certain time, and a refusal to comply must be deemed voluntary when no application was made to extend the time in the court where the trial was pending, and such a failure is voluntary and is a failure to prosecute. (*Otis* v. *Gray*, 3 N. Y. Monthly Bulletin, 11; *Moloughey* v. *Kavanagh*, 4 id., 43.) We think, therefore, that the action was dismissed by the Court of Common Pleas in New York for neglect to prosecute the same, and that the statute of limitation has barred the claim.

The judgment should, therefore, be reversed and a new trial granted, costs to abide the event.

PRATT, J. concurred.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.