## WAYDELL et al. v. GABRIELSON.

(Circuit Court of Appeals, Second Circuit. February 20, 1896.)

LIMITATIONS—NEW ACTION AFTER DISMISSAL—NEW YORK STATUTE.

The New York statute (Code Civ. Proc. § 405) providing that "if an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff　*　*　*　may commence a new action for the same cause, after the expiration of the time so limited," does not apply to a case where a judgment for the plaintiff has been reversed on appeal, and a new trial awarded, and, upon the coming on of the action for such new trial, the complaint is dismissed, without objection from the plaintiff's counsel, whereupon a judgment is entered reciting the dismissal of the complaint by default, and adjudging costs against the plaintiff.

In Error to the Circuit Court of the United States for the Eastern District of New York.

This is a writ of error by the defendants in the court below to review a judgment for the plaintiff entered upon the verdict of a jury.

Benedict & Benedict (Robert Benedict, advocate), for plaintiffs in error.

G. P. Gordel, for defendant in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. We are of the opinion that the trial judge erred in not ruling that the New York statute of limitations was a bar to any recovery by the plaintiff upon the first cause of action set forth in his complaint, and consequently that the assignment of error impugning that ruling is well founded. That cause of action is for an assault and battery which was committed upon the plaintiff more than two years before the present action was commenced, and is explicitly within section 384 of the Code of Civil Procedure, which provides that an action to recover damages for assault and battery must be commenced within two years after the cause of action has accrued.

It was shown at the trial that in February, 1889, the plaintiff brought suit against the defendants for the same assault and battery in the superior court of the city of New York, which was contested by the defendants, and, after a trial, resulted in a judgment for the plaintiff; that, upon an appeal by the defendants to the court of appeals of New York, that court reversed the judgment of the superior court (31 N. E. 969), and ordered a new trial; that the action came on again for trial in the superior court, when, counsel for both parties having appeared, and the counsel for the plaintiff making no objection thereto, the court dismissed the complaint, with the costs of the suit; and that February 24, 1893, a judgment reciting that the complaint stand dismissed by default, and adjudging a recovery of the costs against the plaintiff, was

duly entered of record in the action. It is insisted for the defendant in error that upon these facts the present action is excepted from the bar of section 384 by force of the provisions of section 405 of the Code. This section reads as follows:

"If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such a reversal or termination."

It is the manifest purpose of this section to preserve to a plaintiff who has begun his action within the statutory period, and endeavored to prosecute it to a recovery, but has been defeated, an opportunity for one year to bring a new action, notwithstanding the cause of action under other circumstances would be barred by limitation. One of its provisions embraces actions in which the plaintiff has obtained a judgment, but it has been reversed on appeal; the other provisions embrace actions in which a judgment has not been obtained, but the action has not been terminated by a judgment on the merits, or by the consent, express or implied, of the plaintiff. In actions brought in some of the inferior courts in which the plaintiff has obtained judgment and there has been a reversal on appeal, no venire de novo is awarded by the appellate court in this state, and the only recovery of the plaintiff, if he desires to further prosecute his claim, is to bring a new action. Wooster v. Forty-Second St. R. Co., 71 N. Y. 471. It would be manifestly unjust, when a plaintiff has been defeated because of some technical error upon the trial, or upon some ground not necessarily involving the merits of his cause, or not fatal to an ultimate recovery, to deny him a reasonable opportunity for a new trial; and this would result when the appellate court does not, upon reversing the judgment, grant a new trial if in the meantime the statute of limitations has run against his cause of action. The first provision is intended to obviate the mischief. The other provisions are intended to remove the hardship which would attend a plaintiff who, notwithstanding he has diligently prosecuted his action, has been defeated upon some point not involving the merits, and would lose the remedy of a new action because in the meantime his cause of action had become barred. The statute embraces two classes of plaintiffs,—one, those who have obtained a judgment which has been reversed upon appeal, without awarding a new trial; and the other, those who have not obtained judgment, but who have not been defeated on the merits, and whose action has not been terminated by their own volition. If a plaintiff has obtained a judgment, he is in the category of the first class, and the provisions applicable to the second class do not apply to him. Unless this is the meaning of the statute, the provision in respect to plaintiffs whose judgments have been reversed is wholly inoperative and unnecessary, and, if omitted, the other provisions would relieve all classes of plaintiffs embraced within its lan-

guage. · A·plaintiff who has obtained a judgment which has been reversed upon the merits of the cause does not derive any benefit from either of the provisions, and, if the first provision were omitted, the other.language of the section would permit a plaintiff who has obtained a judgment which has been reversed, but not upon the merits, to bring his new action within the year. In order to give due effect to the several provisions, the section must be construed as not applying to plaintiffs who have obtained a judgment which has been reversed on appeal with an award of a new trial. Such a plaintiff has no occasion to bring a new action, and cannot invoke the benefit of the section.

Even if the section were applicable to a case like the present, where, upon a reversal, the appellate court ordered a. new trial; it would be contrary to the spirit, and, as we think, to the true meaning, of the statute, to construe it as embracing an action in which the plaintiff has consented to a dismissal of his complaint. What took place in the present case was equivalent to a voluntary discontinuance of the action or to a dismissal of the complaint for neglect to prosecute. Such a construction was given to the statute by the judgment of the appellate branch of the supreme court in Hayward v. Railway Co., 52 Hun, 383, 5 N. Y. Supp. 473. In that case the plaintiff, upon the trial of his action, was permitted to withdraw a juror, upon the condition that he pay the trial costs within a specified time. The payment was not made, and thereafter the action was dismissed for "failure to pay said costs," and final judgment thereon entered. The court decided that this was, in effect, a dismissal of the complaint for failure to prosecute the action, and accordingly held that section 405 did not relieve the plaintiff from the bar of the statute of limitations, although his new action was brought within a year after the dismissal of his complaint in the former suit.

We conclude that, in any view of the section, it does not reach the present case, and that the trial judge should have directed a verdict for the defendants as to the first cause of action. This conclusion renders it unnecessary for us to consider questions which have been raised by the other assignments of error.

The judgment of the circuit court is reversed, with instructions to grant a new trial.