(75 App. Div. 226.)

## MAHER v. HOME INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, Third Department. September 3, 1902.)

1. ACTION ON INSURANCE POLICY—AWARD OF ARBITRATORS—JUDGMENT.

Where a complaint sets out all the facts to justify a recovery on an insurance policy, and sets out facts claimed to make an award of arbitrators invalid, and asks judgment that the award be set aside, and that plaintiff recover the amount of the policies, and evidence is given by both parties as to the actual loss, and all the issues are submitted, and the court finds that the award is valid, and that the loss was the amount of the award, the complaint should not be dismissed, but there should be judgment for such amount; Code Civ. Proc. § 1207, providing that the court may allow plaintiff any judgment consistent with the case made by the complaint and embraced within the issues.

Appeal from special term, Albany county.

Action by Denis Maher against the Home Insurance Company of New York. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Louis Silberman, for appellant.

Franklin M. Danaher, for respondent.

PARKER, P. J. On November 20, 1897, the defendant issued a policy of insurance to the plaintiff, whereby it insured him against loss or damage by fire upon two certain buildings, then owned by him in the city of Albany, in the sum of $500 upon each building. On July 15, 1900, such buildings were burned and greatly damaged by fire. Proofs of loss were made by the plaintiff, and a claim for damages under such policy was presented to the defendant company. A difference arose between the parties as to the amount of loss. They thereupon signed the written submission to appraisers, and each party selected an appraiser, as required by the terms of the policy, which was of the standard form used in this state. Such appraisers selected an umpire. Subsequently an award was made, fixing the total amount of loss upon such two buildings at the sum of $742.64, and was signed by the appraiser selected by the defendant and by the umpire only, the appraiser selected by the plaintiff refusing to sign it. The plaintiff refused to accept the amount so awarded, although the defendant offered to pay him the same. Subsequently, and on October 31, 1900, this action was brought. The plaintiff, in his complaint, has set forth all the facts required to authorize a recovery against the defendant upon the policy for all the loss or damages sustained by the fire, and which it was averred exceeded $1,000. He has also averred certain facts which he claimed rendered the appraisal above referred to inoperative and of no force against him. Among such facts was the charge that he was induced to agree to Walsh as the appraiser selected by the defendant, and to Patrick McCann as the umpire, through the false and fraudulent

representations of the defendant; and that such men were interested and partial appraisers for the defendant, and unjust and unfair towards the plaintiff; also that the said Walsh and McCann acted and made the said appraisement without any notice to the appraiser he had selected, and would not permit the latter to take any part in making such appraisal. The complaint then charged that no part of such loss had been paid, and that the defendant was indebted to him upon such policy in the sum of $1,000, with interest from September 15, 1900. It then proceeded to demand judgment against the defendant; that the award be set aside, and adjudged to be void; and that the plaintiff recover from the defendant the sum of $1,000 and interest, as above claimed, with the costs of the action; and for such further relief, etc., as the court should deem just and equitable. The answer raises an issue over all the allegations tending to show that the award made by such appraisers was invalid, but denies none of the other allegations set forth in the complaint. It also pleaded that the plaintiff had an adequate remedy at law. The case came on for trial at a trial term. Facts showing the liability of the defendant to pay under the policy such damages as the plaintiff had actually sustained by the fire were either proven or admitted. Evidence also was given upon both sides as to the actual loss so sustained. At the close of the trial the defendant moved for a nonsuit on the grounds, among others, that facts had not been proven sufficient to constitute a cause of action. Also that the plaintiff had an adequate remedy at law. The motion was denied, and upon the suggestion of the court that, "if this award stands, why, then, it stands as against the plaintiff, and, if it fails, then the only question is whether they should have $742.64 or $1,000," the case was withdrawn from the jury, and left to the decision of the trial judge. Subsequently he made and filed a decision, wherein he found the execution of the policy, the loss by the fire, and, substantially, that the plaintiff had performed all the conditions and requirements of the policy on his part. He also found that the parties entered into the agreement that the damages sustained by the plaintiff be submitted to appraisers, as required by such policy; that the appraisers and umpire under such agreement were duly named; and that the award made under such submission was a valid and binding one upon both parties. In short, he found in favor of the defendant as to the validity of the award, but against the defendant upon all other questions affecting its liability to pay the damages sustained. He further found that the plaintiff had a complete and adequate remedy at law. He then found, as a conclusion of law, that the plaintiff was not entitled to equitable relief in this action, and that his complaint be dismissed, with costs, and ordered judgment accordingly. From the judgment so entered this appeal is taken.

This decision seems to have been made upon the theory that this action is one brought by the plaintiff in equity to set aside the award, so that he might thereafter recover against the defendant upon the policy for the full amount of the damages sustained; and that, because he had failed to sustain his claim that the award was invalid,

his complaint must be dismissed. The idea seems to have been that, because the facts did not warrant a vacation of the award, the plaintiff could have sued on the policy, and in that action at law obtained all that he was entitled to. In this, I think, the learned trial court erred. The action is one upon the policy to recover the full amount specified therein, viz., $1,000, and the claim is that, the full damages sustained being more than $1,000, such amount was due and owing to the plaintiff. But the appraisers selected under the policy having fixed such damages at the sum of $742.64, the defendant might have pleaded that award as a bar to recovering such full amount. See Sullivan v. Traders' Ins. Co., 169 N. Y. 213, 62 N. E. 146. The plaintiff, therefore, set forth in the complaint facts showing why such award should be adjudged void, and therefore no bar to his recovering the amount he claimed. The prayer to have such award vacated undoubtedly was in the nature of an equitable claim, but still the right to recover at all was upon the policy, and the action itself may well be deemed an action at law, and the equitable relief asked as a mere incident to it. But it is not of much importance whether the action be deemed one at law or one in equity, for beyond all doubt, from the facts alleged in the complaint, a judgment for the amount due upon the policy should be awarded. It is a familiar rule that when equity acquires jurisdiction of a matter it will render complete justice between the parties, even though it requires a personal judgment to accomplish it. Murtha v. Curley, 90 N. Y. 372; Valentine v. Richardt, 126 N. Y. 272, 277, 27 N. E. 255. In the case at bar all the issues were submitted to the court. All the facts necessary to sustain the plaintiff's claim for the full amount of his damages being averred in the complaint, and having been actually litigated upon the trial, the court should have awarded a personal judgment against the defendant for the amount appearing to be due. Whether it be deemed a legal or an equitable action, it is clear that such a judgment against the defendant would have been one consistent with the case set forth in the complaint and embraced within the issues, and therefore such a one should have been granted. Bell v. Merrifield, 109 N. Y. 202, 207, 16 N. E. 55, 4 Am. St. Rep. 436; Code. Civ. Proc. § 1207. This method of bringing an action to vacate the award and recover the full amount of the damages sustained is not an unusual one. See Kaiser v. Hamburg-Bremen Fire Ins. Co., 59 App. Div. 525, 69 N. Y. Supp. 344; Bradshaw v. Agricultural Ins. Co., 137 N. Y. 137, 140, 32 N. E. 1055. And in all of such cases, the court has decided as to the validity of the award, and rendered a judgment for damages accordingly. In this case the trial judge has found that the award was a valid one, and should be sustained. With that finding I am not disposed to disagree. It might very well be so concluded from the evidence before him. But in the conclusion that the complaint must therefore be dismissed I do not concur. The plaintiff was still entitled to recover for the damages actually sustained, and his action was clearly one for that purpose. At least, a judgment for such damages was clearly consistent with the cause of action set up in the complaint and embraced within the issues tried; and such seems to have been the theory upon which the case

was taken from the jury and submitted to the court. After determining that the award was a valid one, and was binding upon both parties, the decision goes further, and finds that the amount of loss sustained by the defendant on account of the fire was the sum of $742.64, being the same amount as the award. On these facts the plaintiff was entitled to a judgment for that amount, and it was therefore error to dismiss his complaint.

The judgment must be reversed, and a new trial granted; costs to the appellant to abide the event. All concur.