CHARLES H. BELLINGER, Plaintiff, v. THE GERMAN INSUR-
ANCE COMPANY OF FREEPORT et al., Defendants.*

(Supreme Court, Orange Special Term, June, 1906.)

Limitation of actions — Disabilities and exceptions — Suspension in
general — Prior action — Same cause of action.
Insurance — Actions on policies — Provisions requiring action within
specified time — Subordinate to statutory provisions.
Pleading — Matters relating to pleadings generally — General rules —
Surplusage.
Judgment — Rendition — Kind and amount of relief granted — Con-
formity to pleadings.
Costs — Persons liable for or entitled to costs — Liability based on
wrongdoing generally.

The manifest purpose of section 405 of the Code of Civil Pro-
cedure was to permit a party, who, through technical error or a
mistake in the form of the remedy employed, had been unable to
present the real merits of the controversy in the first action, to
pursue his real right under a more appropriate form of action.

An action, brought upon a policy of insurance, to recover the
amount awarded upon an appraisal of the amount of loss under
its terms, is brought for the "same cause", within the meaning
of section 405 of the Code of Civil Procedure, as a previous action
in which fraud in the appraisal was alleged, and the plaintiff
sought to recover the face of the policy, but which was brought
too soon to entitle him to recover in case he failed to establish
such fraud.

The provisions of section 414 of the Code of Civil Procedure
relate only to rules of limitation and do not take away from the
plaintiff the benefit of the provisions of section 405.

Neither does the short limitation contained in the policy take
away the plaintiff's right under section 405, but it is to be con-
strued as though it contained an exception in favor of cases pro-
vided for in that section.

The scope of the present action being such as to permit a re-
covery of the amount of the award in case of failure to establish
the fraud alleged, and the plaintiff having failed to establish
fraud, judgment should be rendered in his favor for the amount
of the award, but without costs.

ACTIONS upon policies of fire insurance.

* Received too late for insertion in proper place.

Bacon & Merritt, for plaintiff.

William D. Murray, for defendant.

Burr, J.   These actions are brought for the " same cause " as the previous actions by the plaintiff against the same defendants, within the meaning of the provisions of the statute. Code Civ. Pro., § 405.   The transaction which is at the foundation of both actions is the same, namely, a contract of insurance between the parties and damage to the plaintiff, for which the defendants are liable within the terms of the contract.   Titus v. Poole, 145 N. Y. 414, 423; 40 N. E. Rep. 228.   The present actions are properly brought under the provisions of the section above referred to.   That section provides that where an action is terminated by a judgment entered upon a decision of the Appellate Division, which reversed a judgment of the lower court without awarding a new trial, if such action was commenced within the time limited therefor, the plaintiff may commence a new action for the same cause after the expiration of the time so limited, and within one year after such reversal or termination.   It also provides that, if the prior action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute, or a final judgment upon the merits, such new action may be commenced upon the same conditions.   The former actions, which this plaintiff brought against the defendants, were terminated in neither of these methods.   The judgments in favor of the plaintiff in the former actions were reversed, and new trials were ordered by the appellate court.   It does not necessarily follow that because of that the plaintiff is deprived of the benefits of the section in question.   Inasmuch as the action was not terminated by a judgment entered upon the decision of the Appellate Division, that portion of the section has no application, and if it was not terminated in either of the other methods referred to in the section the plaintiff may avail himself of its provisions.   The manifest purpose of the section in question was to permit a party who, through technical error or a mistake in the form of the remedy employed, had

been unable to present the real merits of the controversy in the first actions to pursue his real right under a more appropriate form of action. Titus v. Poole, *supra.* If upon the new trials ordered by the Appellate Division, owing to technical defenses or errors in the form of the remedy adopted in the actions first brought, the plaintiff cannot possibly succeed, it would be contrary to the spirit of the statute to deny to him his new action. In the former actions the plaintiff would have been entitled to recover the entire amount of his loss up to the face of the policies issued by the defendants, if he could have established the fraud in the appraisement which he alleged, or, failing in this, he could have recovered the amount awarded by the appraisers if the actions had not been brought too soon to entitle him to such relief. When he failed to establish the fraud he could not on the new trials ordered obtain any relief, or recover the amount of the award, because of the technical defenses above referred to. Consequently the new trials were of no avail, and there was nothing for him to do but to suffer a judgment upon the new trials, dismissing the complaints in each action not upon the merits, and then begin the present actions.

In this respect the situation differs from that presented in the case of Waydell v. Gabrielson, 72 Fed. Rep. 648; 19 C. C. A. 58. In that case the court expressly said that the object of the statute was to relieve a plaintiff who had been defeated because of some technical error upon the trial of the first action, or upon some ground not necessarily involving the merits of his case, or not fatal to an ultimate recovery. In that case the plaintiff was not defeated in the first action on either of these grounds. The further language of the opinion must be read in connection with the facts of that case, keeping in mind that if the opinion wanders from the point at issue it no longer has force as an official utterance. Colonial City T. Co. v. Kingston R. R. Co., 154 N. Y. 493, 495; 48 N. E. Rep. 900. The benefits to which the plaintiff is entitled under section 405 are not taken away by the provisions of section 414 of the Code of Civil Procedure. The latter section deals only with those portions of title 3 of chapter 4 of the Code which relate to and prescribes rules of

limitation. Titus v. Poole, *supra;* Hayden v. Pierce, 144 N. Y. 512; 39 N. E. Rep. 638; Hamilton v. Royal Ins. Co., 156 N. Y. 327; 50 N. E. Rep. 863; 42 L. R. A. 485. When the intent of a statute is clear, words may be supplied, or words, phrases, or sentences may be transposed, so as to give effect to such intent. Lewis' Sutherland's Statutory Construction (2d ed.), §§ 382, 386. If the language of the first sentence of section 414 were transposed, so as to read, " The provisions of this chapter prescribing rules of limitation apply to special actions or proceedings, and constitute the only rules of limitation applicable thereto, except where a different limitation is especially prescribed by law, or a shorter limitation is prescribed by the written contract of the parties," such change would be within the rules of construction above referred to. It would then be apparent that the benefits conferred by section 405 were in no wise diminished or affected by the provisions of section 414, since the former section was not one of those prescribing a rule of limitation. The only special limitation upon the right of the plaintiff to maintain these actions is found in the provisions of the insurance law, prescribing a standard form of policy and forbidding the issuing of any other. Laws 1886, p. 721, chap. 488, §§ 2, 3; Laws 1892, p. 1980, chap. 690, § 121; Penal Code, § 577d.

The policies in suit contain a clause to the effect that " no suit or action on this policy for the recovery of any claim shall be maintainable in any court of law or equity unless commenced within twelve months next after the fire." Although this clause appeared in the contracts of insurance, the limitation was one " specially prescribed by law and not " by the written contract of the parties. The command of the statute fixed the period of limitation. The agreement of the parties could not add to or detract from it. Hamilton v. Royal Insurance Co., *supra.* Even though by special provisions of law a different period of limitation for actions upon these policies is prescribed from that contained in chapter 4, title 3, of the Code of Civil Procedure, the provisions of section 405 apply as well to actions affected by such special limitations as to others. The situation is the same as though

the clause in the policy read: " No suit or action on this policy for the recovery of any claim shall be maintained in any court of law or equity unless commenced within twelve months after the fire, except in the cases provided for in section 405 of the Code of Civil Procedure." These cases are distinguishable from Wetyen v. Fick, 178 N. Y. 223; 70 N. E. Rep. 497, and Heusinkveld v. Capital Insurance Company, 95 Iowa, 505; 64 N. W. Rep. 594. In the Wetyen case the question presented was whether the provision of section 401, which is contained in chapter 4, title 3, of the Code of Civil Procedure and which provides for the suspension of the Statute of Limitations when the defendant is without the State when the cause of action accrues, applied to a claim for dower. The court held that, inasmuch as the provisions of the Code prescribing the limitation for the commencement of such an action were contained in an entirely different chapter of the Code, which contained its own provisions as to what should suspend the running of the statute in the case of that particular form of action, the expression of those in the latter case was the exclusion of all other grounds mentioned in the former. Code Civ. Pro., § 1597. The decision rests upon that ground only, and not upon the ground that section 414 would have controlled the provisions of section 401, if it had not been for that fact. In the Heusinkveld case, the Iowa statute denied the privilege of bringing a second action to one who had failed in the first action for " negligence in its prosecution," and the court held that on the facts presented in that case the plaintiff had been negligent.

I conclude, therefore, that these actions can be maintained. The plaintiff has presented no stronger evidence upon the trial of these cases to support his claim of fraud in the appraisal than was presented in the previous cases; but, failing in that, the court is now in a position to decree judgment in favor of the plaintiff for the amount of the awards in each case. Maher v. Home Insurance Company, 75 App. Div. 226; 78 N. Y. Supp. 44. It follows, therefore, that the plaintiff is entitled to judgment against the German Insurance Company of Freeport, for $1,450.83, and against the

Supreme Court, October, 1906.          [Vol. 51.

Thuringia Insurance Company for $1,450.83, and against the Nassau Fire Insurance Company for $1,344, with interest on each of said sums from April 29, 1902. I think, under the circumstances, however, that such recovery should be without costs.

Judgment for plaintiff.

---

The People ex rel. Andrew A. White, Relator, *v.* William O. Feenaughty, as Sheriff of the County of Steuben, Respondent.

(Supreme Court, Steuben Special Term, October, 1906.)

Habeas corpus — Grounds for relief and what will be reviewed — Custody under commitment for contempt.

Attorney and client — The relation with the client — Summary remedies of client — Nature and form of remedy — Necessity of professional employment.

Contempt: What constitutes — Disobedience; Disobeying orders generally; Demanding performance; Procedure — Process and entitling proceedings — Form of process.

Upon a writ of habeas corpus, only the jurisdiction or the power of the court to make the order or judgment under which the relator is detained can be attacked.

To authorize the court to proceed summarily to compel the payment of money in an attorney's hands claimed by his client, it is not necessary that the money should have arisen out of any action or proceeding in court; it is enough if it came through an employment so connected with his professional character as to afford a presumption that it formed the ground of his employment.

The court has authority by common law, upon application of a client, to inquire into the alleged misconduct of his attorney and it may exercise this right by an order to show cause based on affidavits or petition; and the provisions of the Code of Civil Procedure only regulate the authority and dictate the manner of its exercise in cases where the right or remedy of a party to a civil action or special proceeding, pending in the court, may be injuriously affected.

Where, after such an inquiry, the court has ascertained that the attorney has moneys in his hands belonging to his client, and has ascertained the amount thereof, and has made an order directing their payment, and a copy of the order has been served upon