ROBERT I. BUCHHOLZ, Appellant, *v.* UNITED STATES FIRE INSURANCE COMPANY, Respondent.

First Department, February 11, 1943.

*Benj. Shiverts* for appellant.

*David A. Ticktin* of counsel (*Powers, Kaplan & Berger,* attorneys), for respondent.

*Per Curiam.* We do not need to consider whether, in the absence of a special contract, the plaintiff would be entitled to recover the value of the garlic destroyed by fire, in accordance with the terms of the original policy or the price at which a portion of the garlic was contracted to be sold in accordance with the terms of the rider. The parties themselves, acting under the policy, executed a written contract submitting to appraisers the amount of the loss on terms which presumably were satisfactory to them. It is not suggested that the agreement was procured by fraud or mistake or even under a misconception by the plaintiff of his rights. After execution of the agreement of submission and the selection of appraisers the plaintiff peremptorily refused to proceed with the appraisal unless the defendant would consent to a modification of the agreement. The defendant was under no obligation to comply and accordingly declined that demand. The plaintiff then commenced this action on the policy. Upon the conceded facts the court was justified in dismissing the complaint. The plaintiff might not repudiate his contract merely because he had concluded that appraisal on a different theory would be more advantageous to him.

The dismissal of the complaint on the merits was proper for the reason that on the existing state of facts the plaintiff is not entitled to recover. This does not mean that the plaintiff may not maintain another action if he shall have complied with the conditions of the policy. (*Wachtel* v. *Equitable Life Assurance Society,* 267 N. Y. 289.)

The judgment should be affirmed, with costs.

DORE, J. (dissenting). As this case comes to us, plaintiff, the insured under a fire insurance policy issued by defendant, has his claim for loss under the policy dismissed on the merits by the trial court without submission to the jury, although defendant insurer admits that plaintiff suffered a total loss while the policy was in force. The theory of the dismissal is that the insured failed to comply with a condition precedent in the policy in that it "failed and refused to proceed with an appraisal."

This result is reached although plaintiff in rebuttal recalled a witness, John B. Miller, who testified that plaintiff stated to defendant's insurance adjuster that plaintiff would "go

through with the appraisal'' if the insurance company would take into consideration the ten carloads of garlic insured which had been sold but not delivered, and defendant's representative refused. Miller's testimony was not only not contradicted but he was not even cross-examined. Defendant immediately rested and thereupon the court dismissed the complaint on the merits. The insurer took the position that the insured would have to go through with a prior written agreement of appraisal that did not, however, cover goods sold but not delivered, which made up the total loss claimed.

An appraisal must be in accord with the terms of the policy under which it is sought. In this policy a rider, which prevails insofar as it is in conflict with the printed terms of the policy, provides: '' ' Loss Adjustment Clause ' — It is understood and agreed that the basis of settlement on stock sold but not delivered shall be the assured's selling price.'' Plaintiff had introduced proof of the sale of ten carloads of the garlic insured, and in this record there is no contrary proof. At the close of the case there was, therefore, a question of fact for the jury whether plaintiff in good faith was ready to go forward with an appraisal in accordance with the terms of the policy, and whether defendant in good faith refused to abide by the loss adjustment clause of the rider.

References in the majority opinion to the '' contract '' are examples of the proverbial '' divided middle term.'' The contract of insurance, not the written appraisal agreement is the contract plaintiff was suing on. In demanding that the appraisal agreement conform to the terms of the insurance contract, plaintiff was not repudiating the contract on which suit was brought but insisting on compliance therewith. It cannot reasonably be said that the appraisal agreement was '' presumably '' satisfactory to the parties in the light of the uncontradicted evidence that the insured *before appraisal* insisted that the written appraisal agreement was not satisfactory because it did not take into consideration the insured produce sold but not delivered on which at trial the total loss under the policy was claimed.

*Wachtel* v. *Equitable Life Assurance Society* (267 N. Y. 289) related to the sufficiency of due proof of death in a life insurance contract with double indemnity clauses for death by accident and not to the conclusiveness of a disputed appraisal agreement under a fire insurance policy.

The issues of the good faith of both parties survived for the jury.

Accordingly, I dissent and vote to reverse and direct a new trial, with costs to abide the event.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur in PER CURIAM opinion; DORE, J., dissents and votes to reverse and grant a new trial, with opinion.

Judgment affirmed, with costs.