ROBERT I. BUCHHOLZ, Appellant, *v.* UNITED STATES FIRE INSURANCE COMPANY, Respondent.

Argued April 19, 1944; decided June 8, 1944.

*Benj. Shiverts, Thomas R. Purcell* and *Frank A. Rossini* for appellant. I. The agreement for appraisal is not a bar under this action on the insurance policy. (*Matter of Stange* v. *Thompson-Starrett Co.*, 261 N. Y. 37; *Matter of S. F. C. Co.* v. *Thompson-Starrett Co.*, 247 N. Y. 277; *Matter of Bullard* v. *Grace Co.*, 240 N. Y. 388; *Matter of Marchant* v. *Mead-Morrison M. Co.*, 252 N. Y. 284; *Dodds* v. *Hakes*, 114 N. Y. 260; *Matter of General Silk Importing Co.*, 198 App. Div. 16; *Halperin* v. *McCrary Stores Corp.*, 207 App. Div. 448; *Fleischman* v. *Furgueson*, 223 N. Y. 235; *Littrell* v. *Allemannia Fire Ins. Co.*, 222 App. Div. 302; *Uhrig* v. *Williamsburgh City Fire Ins. Co.*, 101 N. Y. 362; *Lee* v. *Hamilton Fire Ins. Co.*, 251 N. Y. 230; *Becker* v. *Frasse & Co.*, 255 N. Y. 10; *Atwater & Co.* v. *Panama R. R. Co.*, 246 N. Y. 519; *Nellis* v. *Western Life Indemnity Co.*, 207 N. Y. 320; *Aldrich* v. *New York Life Ins. Co.*, 235 N. Y. 214.) II. The policy was a valued policy as to merchandise sold and not delivered and defendant was not entitled to an appraisal. (*Lite* v. *Firemen's Ins. Co. of Newark*, 119 App. Div. 410, 193 N. Y. 639; *Lee* v. *Hamilton Fire Ins. Co.*, 251 N. Y. 230; *Michael* v. *Prussian Nat. Ins. Co.*, 64 App. Div. 182, 171 N. Y. 25; *Harris* v. *Eagle Ins. Co.*, 5 Johns. [N. Y.] 369; *Luce* v. *Springfield Fire and Marine Ins. Co.*, 15 Fed. Cas. 1071, No. 8,589; *Lang* v. *Eagle Fire Co.*, 12 App. Div. 39; *Baldwin* v. *Fraternal Accident Assn.*, 21 Misc. 124, 29 App. Div. 627, 159 N. Y. 561; *Orwat* v. *Ætna Insurance Co.*, 131 Misc. 141; *Tinguaro Sugar Co.* v. *Knickerbocker Ins. Co. of New York*, 16 F. 2d 127, 16 F. 2d 128.) III. The good faith of the parties was a question of fact to be decided by the jury. (*Mayer* v. *Home Assurance Co., Limited*, 124 App. Div. 241; *Steinberg* v. *Boston Insurance Co.*, 144 App. Div. 110; *Chainless Cycle Mfg. Co.* v. *Security Ins. Co.*, 169 N. Y. 304; *Callahan* v. *London & L. F. Ins. Co.*, 98 Misc. 589, 179 App. Div. 890; *McNally et al.* v. *P. Ins. Co.*, 137 N. Y. 389; *Lang* v. *Eagle Fire Co.*, 12 App. Div. 39; *Uhrig* v. *Williamsburgh City Fire Ins. Co.*, 101 N. Y. 362; *Bishop* v. *A. Ins. Co.*, 130 N. Y. 488; *Yentes* v. *Fireman's Ins. Co.*, 36 Misc. 850; *Rosenwald* v. *Phenix Ins. Co.*, 50 Hun 172; *Baldwin* v. *Fraternal Accident Assn.*, 21 Misc. 124, 29 App. Div. 627, 159 N. Y. 561.)

*David A. Ticktin* for respondent. I. The policy in suit is not a valued policy. (*Lee* v. *Hamilton Fire Ins. Co.*, 251 N. Y. 230;

*Michael* v. *Prussian Nat. Ins. Co.*, 171 N. Y. 25; *Luce* v. *Spring-field Fire & Marine Insurance Co.*, 15 Fed. Cas. 1071, No. 8,589; *Lite* v. *Firemen's Insurance Co.*, 119 App. Div. 410.) II. The action was prematurely instituted. (*Comfort* v. *McCorkle,* 149 Misc. 826; *Graham* v. *Phoenix Insurance Company et al.,* 77 N. Y. 171; *Matthews* v. *American Central Ins. Co.*, 154 N. Y. 449.) III. Since the insured after repeated demands therefor by the insurer failed to proceed with an appraisal as required by the policy of insurance in suit and as agreed in writing by said insured and insurer the complaint was properly dismissed. (*Greenwich Bank* v. *Hartford Fire Ins. Co.*, 250 N. Y. 116; *Williams* v. *Fire Association of Philadelphia,* 119 App. Div. 573; *Hamilton* v. *Liverpool & Ins. Co.*, 136 U. S. 242; *Silver* v. *Western Assurance Co.*, 164 N. Y. 381; *Hyland* v. *Millers Nat. Ins. Co.,* 91 F. 2d 735.) IV. The insured's failure to comply with insurer's demand for an appraisal required the dismissal of the complaint on the merits even though it appears that the loss was a total one. (*Littrell* v. *Allemannia Fire Ins. Co.*, 222 App. Div. 302; *Gouin* v. *Northwestern Nat. Ins. Co.*, 259 P. 387; *Hart* v. *Springfield F. & M. Ins. Co.*, 66 So., 558; *Stout* v. *Phoenix Assur. Co.*, 56 Atl. 691; *Williamson* v. *Liverpool & London & Globe Ins. Co.*, 122 F. 59; *New York Dock Co.* v. *Brown, Inc.,* 272 N. Y. 176.)

*Per Curiam.* This action was brought upon a policy of fire insurance. The policy made provision for appraisment of any loss as to which the parties should disagree. After the insured property had been totally destroyed by fire, the parties entered into a written agreement for the appointment of appraisers to ascertain the amount of the loss.

A rider upon the policy reads as follows: " *Loss Adjustment Clause* — It is understood and agreed that the basis of settlement on stock sold but not delivered shall be the assured's selling price." Claiming that property covered by the policy had been sold but not delivered by the insured and that the selling price thereof was greater than the coverage, an assignee of the insured brought this action to recover the face amount of the policy. The case is now here on an appeal by the plaintiff from an affirmance by the Appellate Division of a dismissal of the complaint.

On this record, the plaintiff seems to be right in his contention that the appraisal agreement did not displace the provision we have quoted from the rider. But it did not follow that the loss was to be paid without performance by the insured of the appraisal agreement. There was a dispute as to whether the property had been sold by the insured. Consequently the defendant insurer was justified in insisting that the value of the property be fixed by the appraisers prior to litigation of the issues, including the dispute as to whether there had been a sale.

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur; RIPPEY, J., taking no part.

Judgment affirmed.