ROBERT I. BUCHHOLZ, Plaintiff, *v.* UNITED STATES FIRE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, New York County, November 23, 1944.

*David A. Ticktin* for defendant.

*Benjamin Shiverts, Thomas A. Purcell* and *Frank A. Rossini* for plaintiff.

HAMMER, J. Defendant moves for dismissal of the complaint. The branch to dismiss under the Rules of Civil Practice (rule 106, subd. 5), on the ground that the complaint on its face fails to state facts sufficient to constitute a cause of action, is without merit. The allegations, in effect, show plaintiff is suing under a fire insurance policy of $15,000 for property destroyed by fire which had been sold for at least that amount but not delivered prior to its destruction, under the terms of the policy, which provided: " It is understood and agreed that the basis of settlement in stock sold but not delivered shall be the assured's selling price." It is further alleged the parties to the policy agreed in writing for the appointment of appraisers to ascertain the amount of the loss and thereafter the parties disagreed as to the scope and limits of the appraisal and the insured notified the insurance company he would proceed with the appraisal upon condition it did not displace the loss adjustment provision of the policy and defendant refusing the condition

the insured refused to proceed with the appraisal. That plaintiff assignee of the insured commenced an action in the Supreme Court of New York, New York County, for $15,000 on July 1, 1938, in which after trial the complaint was dismissed. That on appeal the Appellate Division (265 App. Div. 467) affirmed the judgment but adjudged plaintiff might maintain an action on the policy " if he shall have complied with the conditions of the policy." That on appeal to the Court of Appeals (293 N. Y. 82) the judgment was affirmed on or about June 8, 1944, but that court sustained plaintiff's contention " * * * that the appraisal agreement did not displace the provision * * * " of the loss adjustment clause of the policy rider, holding that " There was a dispute as to whether the property had been sold by the insured. Consequently the defendant insurer was justified in insisting that the value of the property be fixed by the appraisers prior to litigation of the issues ". That prior to this action plaintiff notified defendant of tender of performance of the appraisal and demanded defendant perform, and defendant refused performance and waived same.

Giving the allegations of the complaint a liberal construction and the benefit of fair inference, it appears that they are sufficient to constitute a cause of action within the decisions of the Appellate Division and of the Court of Appeals.

The branch of the motion under the Rules of Civil Practice (rule 107, subd. 5) asserting the existence of a final judgment of a court of competent jurisdiction rendered on the merits, determining the same cause of action between the parties, is also without merit. The Appellate Division and the Court of Appeals in their decisions, referred to above, given in the prior case between these identical parties, held the dismissal did not bar plaintiff from bringing another action.

The branch of the motion under the Rules of Civil Practice (rule 107, subd. 6) on the ground that the cause of action did not accrue within the time limited by law for the commencement of an action thereon, cannot be sustained. Section 23 of the Civil Practice Act extends the statutory limitation and that contained in the policy by providing plaintiff may commence a new action for the same cause after expiration of the time so limited, and within one year after termination of prior action commenced within the time limited therefor. (*Littrell* v. *Allemania Fire Insurance Co.*, 224 App. Div. 523, revd. on other grounds 250 N. Y. 628; *McGovern* v. *City of New York*, 250 App. Div. 102.) The *Littrell* v. *Allemania* decision (*supra*)

is relied on by defendant as controlling on the issue of *res. judicata.* It may not be so regarded, as the Court of Appeals did not find it necessary to decide question 3, reading, "Were plaintiffs barred from bringing this action by the limitation as to time contained in the policy?" As pointed out above, the decisions of the Court of Appeals and of the Appellate Division in the prior case between these parties appear to require the views expressed here. Accordingly, defendant's motion will be denied in all respects, with ten dollars costs. Order signed.