ROBERT I. BUCHHOLZ, Respondent, v. UNITED STATES FIRE INSURANCE COMPANY, Appellant.

First Department, March 9, 1945.

*David A. Ticktin* of counsel (*Powers, Kaplan & Berger,* attorneys), for appellant.

*Benj. Shiverts* of counsel (*Thomas R. Purcell* and *Frank A. Rossini* with him on the brief), for respondent.

CALLAHAN, J. The principal question involved herein is whether plaintiff's cause of action was saved by section 23 of the Civil Practice Act, which gives a plaintiff a year after dismissal of suit (other than upon the merits) to sue again on the same cause of action.

Heretofore plaintiff sued defendant on a fire policy. The fire occurred December 14, 1937. The first action was dismissed on July 10, 1941, after a trial, because of plaintiff's failure to comply with a condition precedent, i.e., proceed with an agreement for an appraisal. This court affirmed the judgment of dismissal (265 App. Div. 467). In doing so we said that, though the dismissal was properly " on the merits ", for the reason that on the existing facts the plaintiff could not recover, plaintiff could maintain another action after complying with the requirement for an appraisal. For this we cited *Wachtel* v. *Equitable Life Assurance Society* (267 N. Y. 289). The Court of Appeals affirmed the prior judgment of dismissal (293 N. Y. 82), but on a somewhat different ground, stating that a rider contained in the policy was controlling, which provided that on goods sold, but not delivered, the measure of the insured's loss would be the selling price of the goods. However, because there was an issue of fact as to the sale of the insured goods, the Court of Appeals ruled that defendant had the right to insist that plaintiff first proceed with an appraisal.

After the decision by the Court of Appeals, which was rendered on June 8, 1944, the present action was commenced on August 25, 1944, after plaintiff had offered to proceed with the appraisal.

The policy contains the provision that no suit or action thereon shall be sustained until after full compliance with all requirements of the policy, and that such a suit must be begun within fifteen months after the fire. Unless, therefore, plaintiff's right to sue was saved by section 23 of the Civil Practice Act,

the present action is barred by the limitation contained in the contract, for it was brought almost seven years after the fire.

Section 23 provides: " If an action is commenced within the time limited therefor * * * or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination."

Appellant contends: (1) that section 23 is inapplicable, because the prior judgment was on the merits, and (2) that, even if the section is applicable, it was not complied with in that the second suit was not commenced within one year after the termination of the first.

It is clear that here the prior action was dismissed because it was prematurely brought. It was brought before the provision for appraisal was complied with, and, under the policy, could not be maintained until the conditions of the policy had been met. Accordingly, the prior judgment, though final and conclusive on the existing facts, would not estop a subsequent suit brought after the plaintiff tendered performance of the requirement for appraisal. (*Moloney* v. *Nelson,* 158 N. Y. 351.)

We find that section 23 of the Civil Practice Act applies and that the present suit was timely. It is for the same cause, in that it is to enforce the same loss on the same policy as in the first action, but after fulfillment of the conditions precedent. The one year provision contained in section 23 begins to run from the termination of the first suit. Here the termination was the decision of the Court of Appeals (or entry of judgment on remittitur) in the earlier action. (*Wooster* v. *Forty-Second St., etc., R. R. Co.,* 71 N. Y. 471; *Richard* v. *American Union Bank,* 225 App. Div. 634, affd. 253 N. Y. 166.)

The prior action terminated in a judgment which was a final determination " upon the merits " within section 482 of the Civil Practice Act, in that it would effect an estoppel to the extent that no other action could be maintained on the same facts, i.e., without a prior appraisal. But the term " merits " as used in section 23, has a broader connotation than it has as used in section 482 of the Civil Practice Act. Section 23, in effect, contemplates that a suitor have one adjudication of the substance or merit of his cause where he has initiated a suit in time. Where the failure to perform a condition precedent has barred consideration of the substance or merit of the cause, the right to a second suit is saved by the section.

In *Streeter* v. *Graham & Norton Co.* (263 N. Y. 39) an insurance company, as subrogee, had sued a third party under section 29 of the Workmen's Compensation Law. An accident resulting in the death of a workman had occurred on April 21, 1927, and a first suit, brought in time, was dismissed by the Court of Appeals on May 15, 1930, (see *U. S. Fidelity & G. Co.* v. *Graham & Norton Co.*, 254 N. Y. 50) upon the ground that as there was one of the next of kin of deceased who had a right of action, who had made no election to take compensation, the insurance company could not sue in its own name, for, under such circumstances, the action must be prosecuted through an administrator. No new trial was ordered by the Court of Appeals. Therefore, that decision was a determination of the " merits " under section 482 of the Civil Practice Act. Nevertheless, a second suit was brought by an administrator on August 4, 1930, more than two years after the accident, which was the statutory period of limitation. The Appellate Division, Third Department, held (*Streeter* v. *Graham & Norton Co.*, 237 App. Div. 258) that the right of action had been saved by section 23 of the Civil Practice Act. In its opinion that court said that the phrase, " upon the merits ", as used in section 23, had a broader meaning and application than that comprehended by section 482 of the Civil Practice Act.

While the Court of Appeals reversed that decision of the Appellate Division, it did so upon the ground that, as the second suit was brought by a different plaintiff representing different parties from the earlier one, it was not saved by section 23. But in so holding the court said (at p. 44): " If the plaintiff in the present action were the same as in the prior action, seeking to recover for the same cause of action, undoubtedly section 23, Civil Practice Act, would apply and the cause of action would be saved although more than two years had expired since the death of decedent before the present action was brought."

This decision supports the right of the same plaintiff to sue again under section 23 although his prior suit was dismissed under circumstances where the " merits " were determined to the extent that on the existing facts the judgment should be final and conclusive.

The decision in *Littrell* v. *Allemania Fire Ins. Co.* (250 N. Y. 628) is not an authority contrary to our present holding. That case turned on two points: (1) the power of the Appellate Division to modify a former judgment, and (2) the particular contractual requirements in the policy there under consideration

for an appraisal of the loss on the demand of either party. Although a question akin to our present problem was presented to the Court of Appeals in the *Littrell* case (*supra*) by the third question certified, that question was not answered.

The order appealed from should be affirmed, with twenty dollars costs and disbursements, with leave to the defendant to answer within ten days after service of order on payment of said costs and the ten dollars motion costs awarded by the court at Special Term.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements, with leave to the defendant to answer within ten days after service of order on payment of said costs and the ten dollars motion costs awarded by the court at Special Term. [See *post,* p. 737.]