**PRODUCERS RELEASING CORPORATION DE CUBA v. PATHE INDUSTRIES, Inc.**

United States District Court
S. D. New York.
March 15, 1950.

Budner & Budner, New York City, for plaintiff.

Phillips, Nizer, Benjamin & Krim, New York City, for defendant.

SUGARMAN, District Judge.

Plaintiff moves "for an order, pursuant to Rules 9(b), 12(b) and 12(e) of the Federal Rules of Civil Procedure [28 U.S.C.A.], striking out the second counter-claim contained in paragraph 17 of the answer as insufficient in law for failure to state a claim upon which relief can be granted". In the alternative, plaintiff seeks an order compelling defendant to give a more definite statement of said counter-claim. Defendant cross-moves "for an order, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure dismissing" each cause of action pleaded in the complaint "and granting summary judgment in defendant's favor on the ground that the instant action was not instituted within the nine months' period expressly limited by the contracts referred to in the complaint".

The complaint pleads four causes of action. The first three of these respectively seek specific performance (together with damages for delay in performance) of three contracts entered into between plaintiff and PRC Pictures, Inc., a dissolved corporation whose assets the present defendant acquired on August 25, 1947 upon the dissolution. The complaint alleges that (1) the first contract, entered into on July 6, 1943, granted to plaintiff the Cuban distribution of motion pictures produced by PRC Pictures, Inc., for the years 1943–1944 and 1944–1945; that prior to its dissolution PRC Pictures, Inc., failed to deliver certain of these motion pictures; (2) that the second contract, entered into in the months of April, May and June, 1945 required PRC Pictures, Inc., to furnish plaintiff with a Spanish-speaking or Spanish-dubbed version of the picture "Strange Illusion", together with a Spanish-dubbed trailer for use in advertising; that PRC Pictures, Inc., tendered the picture but not the trailer; (3) that the third contract, entered into on July 25, 1945, granted to plaintiff the Cuban disrtibution of motion pictures produced by PRC Pictures, Inc., for the year 1945–1946, and through an option, which plaintiff exercised prior to June 30, 1946 for the year 1946–1947; that prior to its dissolution PRC Pictures, Inc., failed to deliver certain of these motion pictures. In addition, the complaint,

by a fourth cause of action, seeks reformation of the contracts of July 6, 1943 and July 25, 1945.

The instant action was instituted in the New York Supreme Court on July 28, 1949, and removed here by defendant. Prior thereto, plaintiff brought an action against PRC Pictures, Inc., in this court on November 27, 1946 seeking substantially the same relief as that sought herein. That earlier action was dismissed by this court with prejudice after the plaintiff's third default in appearing by its president, for an examination before trial; once, pursuant to notice, Producers Releasing Corp. De Cuba v. PRC Pictures, Inc., D.C., 8 F.R.D. 254; and twice, pursuant to order, Producers Releasing Corp. De Cuba v. PRC Pictures, Inc., Civ. 39–53, opinion of Judge Hulbert, October 8, 1948. After the third default, this court dismissed the complaint with prejudice. On appeal, the Court of Appeals for this Circuit affirmed the dismissal, but modified the judgment to provide for dismissal not upon the merits. Producers Releasing Corp. De Cuba v. PRC Pictures, Inc., 2d Cir., 1949, 176 F.2d 93.

Plaintiff instituted the instant action shortly after the decision of the Court of Appeals on the prior suit. It is undisputed that the prior action commenced on November 27, 1946 was timely. Defendant contends that this action, commenced on July 28, 1949, was not instituted within the time limited by paragraph 26 of the contracts of July 6, 1943 and July 25, 1945.

That paragraph, identical in the two agreements, reads in part as follows: "* * * No action or proceeding shall be commenced, prosecuted or maintained until the expiration of ninety (90) days from the date of the act, event or default upon which the claim is based, and no such action or proceeding shall be maintained on such claim unless commenced within nine (9) months after the date of such act, event or default."

Another paragraph of the contracts provides that all questions arising thereunder be interpreted pursuant to the laws of the State of New York. Section 23 of the New York Civil Practice Act, so far as pertinant reads: "If an action is commenced within the time limited therefor, and * * * is terminated in any other manner than by * * *, a dismissal of the complaint for neglect to prosecute the action, * * * the plaintiff * * * may commence a new action for the same cause after the expiration of the time so limited and within one year after such * * * termination * * *".

If the prior action was terminated because of plaintiff's "neglect to prosecute", the defendant's contention that this action was not commenced within the nine months' contractual limitation is valid. Conversely, if the plaintiff's failure to appear for the examinations in the prior action, resulting as it did in the dismissal of that complaint, did not constitute "neglect to prosecute" the commencement of the present suit within one year of the dismissal constitutes timely compliance with § 23, C.P.A. and defendant's contention must be rejected.

The parties properly agreed in writing under § 10(1), New York Civil Practice Act to the shorter period of limitation. Section 23, supra applies to actions on such contracts. Gustafson et al. v. A-B Svenska Amerika Linien, 258 App.Div. 734, 14 N.Y.S.2d 905; Buchholz v. U. S. Fire Insurance Co., 183 Misc 826, 51 N.Y.S.2d 923, affirmed 269 App.Div. 49, 53 N.Y.S.2d 608, motion for leave to appeal dismissed 294 N.Y. 807, 62 N.E.2d 239; Brumel v. Hartford Fire Ins. Co., 158 Misc. 311, 285 N.Y. S. 611 and cases cited on page 615; Shaw v. U. S. Fidelity & Guaranty Co., 3d Cir., 1938, 101 F.2d 92.

■ The dismissal of an action for plaintiff's failure to obey an order of the court is a dismissal for the neglect to prosecute contemplated by § 23, C.P.A., despite the neglect being attributable to the plaintiff's inability to comply with the order. Hayward v. Manhattan Ry. Co., 52 Hun. 383, 5 N.Y.S. 473, accepted as controlling authority in Waydell et al. v. Gabrielson, 2 Cir., 1896, 72 F. 648, rehearing denied 2 Cir., 73 F.2d 1021; Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594, L. R.A.1917C, 203, Ann.Cas.1916A, 259; Baker v. Cohn, 266 App.Div. 236, 41 N.Y.S.2d 765, 767. In the Baker case Mr. Justice

Callahan, writing for the unanimous Appellate Division said, in discussing § 23, C.P.A.: "The object which such statutes have sought to accomplish is to aid those cases where suit had been timely brought by a diligent creditor but the merits of the actions *had failed to be tried through no choice of the creditor* * * *" (Emphasis supplied). Plaintiff can hardly be considered either a diligent suitor or one whose earlier action had failed for a reason other than its choice. It suffered its complaint to be dismissed by defaulting three times in appearing for examination before trial. Plaintiff's repeated refusal to appear for examination prevented the progress of the first action and solely caused its dismissal for neglect to prosecute, cf. Roerich v. Esquire Coronet, Inc., et al., D.C.S.D.N.Y., 1 F.R.D. 692, and Gross v. Clark, 87 N.Y. 272, where failure to file a bill of particulars pursuant to order was characterized as "unreasonable neglect to proceed in the action", justifying a dismissal of the complaint.

■ Defendant's motion for an order, pursuant to rule 56(b) Fed.R.Civ.P. dismissing the First, Second and Third causes of action alleged in the complaint and for summary judgment in defendant's favor thereon is granted. In accordance with Rule 54(b), Fed.R.Civ.P. it is hereby determined that there is no just reason for delay and the entry of judgment accordingly is directed.

■ Defendant's motion as to the Fourth cause of action is denied. This cause of action seeks to reform the 1943 and 1945 agreements. These claims, not arising under the contracts, are not subject to the short period of limitation contained therein, Hanover Fire Ins. Co. v. Morse Dry Dock & Repair Co., 270 N.Y. 86, 200 N.E. 589.

Plaintiff's motion pursuant to Rules 9(b) and 12(b) and (e) Fed.R.Civ.P. to dismiss defendant's second counterclaim is well founded.

■■ Defendant seeks, by this counterclaim, the rescission and cancellation of the contracts because of plaintiff's fraud in inducing their execution. As the counterclaim is now pleaded, it is impossible to determine whether defendant bases its claim upon common law or statutory fraud, cf. § 439, New York Penal Law, McK. Consol.Laws, c. 40. It is true that Rule 9(b) does not abrogate the beneficial provisions of Rule 8, Fed.R.Civ.P. but still, allegations of fraud must be made with particularity. Curacao Trading Co. v. William Stake & Co., D.C.S.D.N.Y., 2 F.R.D. 308. All the elements of fraud "should appear in a well-pleaded averment of fraud, and in addition" the circumstances constituting fraud "must be stated with particularity". 2 Moore's Federal Practice Second Ed. 1907, par. 9.03.

The motion to dismiss the second counterclaim is granted with leave to the defendant to serve an amended counterclaim within ten days after the entry of an order hereon.

Settle separate orders on each motion.